*In re* JERRY.

1. CRIMINAL LAW—HABITUAL CRIMINAL LAW—PURPOSE.

 The habitual criminal law is based upon repeated convictions for felonies and seeks to effect increased punishment for repeated violations of the criminal statutes (3 Comp. Laws 1929, § 17339).

2. SAME—STATUTES—EFFECT OF REPEAL.

 Where a criminal statute is repealed, it is as if it never existed, except for the purpose of proceedings previously commenced, prosecuted, and concluded, and even a plea of guilty before the repeal will not authorize the court to pass sentence.

3. SAME—SENTENCE—JURISDICTION—REPEAL OF STATUTE.

 In a criminal prosecution where final judgment has been rendered and sentence pronounced, the power of the court over the subject matter is at an end and all that remains to be done is the mere ministerial act of doing execution; and the repeal of the law under which defendant was convicted will not arrest execution of the sentence.

4. SAME—HABITUAL CRIMINAL LAW—SENTENCE.

 Sentence under the habitual criminal law is pursuant to the judgment of conviction of the subsequent felony (3 Comp. Laws 1929, § 17339).

5. SAME—REPEAL OF STATUTE.

 The fact that a law upon which a conviction was based was thereafter repealed does not remove from the offender the character of being a violator of the law.

6. SAME—HABITUAL CRIMINAL LAW—REPEAL OF STATUTES—MANSLAUGHTER.

 Fact that national prohibition law upon which some convictions of defendant for felonies were based was repealed prior to his conviction of manslaughter would not effect a reduction in number of convictions so as to affect his status as an habitual criminal (27 USCA, § 1 *et seq.*, 3 Comp. Laws 1929, § 17339).

*Habeas corpus* proceedings by Theodore Jerry with accompanying certiorari to Herbert W. Runnels, Alger Circuit Judge, to obtain release from

branch of State prison at Marquette. Submitted August 29, 1940. (Calendar No. 40,870.) Writ denied October 7, 1940.

*Theodore Jerry, in pro per.*

*Thomas Read,* Attorney General, and *Edmund E. Shepherd* and *Andrew De Maggio,* Assistants Attorney General, for the people.

McALLISTER, J. Petitioner's application for a writ of *habeas corpus* was granted by this court to inquire into his detention at the State house of correction and branch prison at Marquette, Michigan, together with an ancillary writ of certiorari directed to Honorable Herbert W. Runnels, circuit judge of Alger county.

On November 1, 1935, petitioner was tried and convicted of manslaughter. Six days after his conviction, a supplemental information was filed by the prosecuting attorney charging petitioner with three previous convictions of felony, including offenses under the national prohibition law. 27 USCA, § 1 *et seq.* Petitioner pleaded guilty and was thereupon sentenced to a term of from 15 to 30 years in the Marquette branch of the Michigan State prison, as a third offender, in accordance with the provisions of 3 Comp. Laws 1929, § 17339.

Petitioner contends that, because the national prohibition law was repealed, and had been repealed prior to his conviction of manslaughter, his conviction for violation of the said prohibition law could not be considered as an offense under the habitual criminal law, upon conviction of a felony subsequent thereto. The habitual criminal law is based upon repeated convictions for felonies. At the time petitioner was convicted of the violation of

the prohibition law, he was guilty of the commission of a felony. Where a criminal statute is repealed, it is as if it never existed, except for the purpose of proceedings previously commenced, prosecuted, and concluded, and even a plea of guilty before the repeal will not authorize the court to pass sentence. 25 R. C. L. p. 941. But where final judgment has been rendered and sentence pronounced, the power of the court over the subject matter is at an end, and all that remains to be done is the mere ministerial act of doing execution; and the repeal of the law under which a defendant has been convicted will not arrest the execution of the sentence. 25 R. C. L. p. 942. In *Odekirk* v. *Ryan* (C.C.A.), 85 Fed. (2d) 313, the circuit court of appeals of the sixth circuit held that, where sentence had been passed upon an offender for violation of the national prohibition act prior to its repeal, commitment to the penitentiary after the repeal of the act was not invalid, since commitment is a mere ministerial act done pursuant to judgment and the authority for commitment is not the law violated, but the judgment which the law authorized. It can equally be said that sentence under the habitual criminal law was pursuant to the judgment of conviction of a subsequent felony.

Petitioner cites *United States* v. *Chambers,* 291 U. S. 217 (54 Sup. Ct. 434, 89 A. L. R. 1510), in which it was held that the repeal of the Eighteenth Amendment deprives the courts of jurisdiction to entertain any further proceedings in pending prosecutions under the national prohibition act, even where the crime was committed before the repeal and while such act was in effect. In that case defendant had pleaded guilty to conspiring to violate the national prohibition act. Pending sentence the law under which he had been indicted was repealed. The defendant then filed a plea in abatement. In affirming

the lower court's dismissal of the indictment, Chief Justice Hughes said:

"The law, here sought to be applied, was deprived of force by the people themselves as the inescapable effect of their repeal of the Eighteenth Amendment. The principle involved is thus not archaic but rather is continuing and vital,—that the people are free to withdraw the authority they have conferred and, when withdrawn, neither the congress nor the courts can assume the right to continue to exercise it."

With regard to cases where final judgment had been rendered prior to repeal, the Chief Justice remarked:

"What we have said is applicable to prosecutions, including proceedings on appeal, continued or begun after the ratification of the Twenty-first Amendment. We are not dealing with a case where final judgment was rendered prior to that ratification. Such a case would present a distinct question which is not before us."

What the habitual criminal act seeks to effect is increased punishment for repeated violations of criminal statutes. The gist of its purpose is punishment for the repeater. The fact that such laws are thereafter repealed does not remove from the offender the character of being a violator of the law. If it be sought to soften the rigor of such increased punishment for violation of statutes that have since been repealed, on the ground that public opinion responsible for the enactment of such law has changed and no longer considers them of a felonious nature, recourse must be had to the legislature.

Writ dismissed.

BUSHNELL, C. J., and SHARPE, BOYLES, CHANDLER, NORTH, WIEST, and BUTZEL, JJ., concurred.