PEOPLE v HUNT

Opinion of the Court

1. Criminal Law—Plea of Guilty—Record—Plea Bargain—Acknowledgment—Evidence—Burden of Proof—Court Rules.

A defendant must provide record evidence to support his claim that a plea bargain actually existed where he challenges whether a proper record in acknowledgment of plea bargaining was made; a record which simply shows that the defendant pled guilty to a lesser included offense is not sufficient for the Court of Appeals to infer a bargain where reasonable alternative interpretations of the record exist (GCR 1963, 785.7[2]).

2. Appeal and Error—Criminal Law—Plea of Guilty—Probation or Parole—Informing Defendant—Burden of Proof.

An appeal of a plea-based conviction on grounds that the trial court failed to inform a defendant that if he was on probation or parole the entry of his plea would admit violation of probation or parole and might subject him to a sentence of imprisonment for that violation must contain an allegation that the defendant was on probation or parole and that he was subjected to confinement for violation because of his guilty-plea conviction.

Dissent by T. M. Burns, J.

3. Appeal and Error—Criminal Law—Plea of Guilty—Plea Bargain—Record Evidence—Failure to Acknowledge—Court Rules.

*Remand is required where a criminal defendant has provided record evidence that his plea-based conviction was the result of a plea bargain which was not affirmatively acknowledged on the record by the defendant, his lawyer and the prosecutor in accordance with the court rules (GCR 1963, 785.7[2]).*

References for Points in Headnotes

[1] 21 Am Jur 2d, Criminal Law § 494.
[2] 59 Am Jur 2d, Pardon and Parole § 92 *et seq.*
[3] 4 Am Jur 2d, Appeal and Error § 496.

Appeal from Recorder's Court of Detroit, Thomas L. Poindexter, J. Submitted March 10, 1976, at Detroit. (Docket No. 24418.) Decided November 8, 1976.

John D. Hunt, Jr., was convicted, on his plea of guilty, of felonious assault. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Research, Training & Appeals, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Joseph Covington,* for defendant on appeal.

Before: Bashara, P. J., and V. J. Brennan and T. M. Burns, JJ.

V. J. Brennan, J. Defendant, John D. Hunt, Jr., was originally charged with assault with intent to rape in contravention of MCLA 750.85; MSA 28.280. On February 3, 1975, he entered a plea of guilty to the added count of felonious assault. MCLA 750.82; MSA 28.277. Defendant was sentenced on February 25, 1975, to 3 years probation with the last 6 months to be spent in the Detroit House of Correction unless that part of the sentence was remitted before that time. Defendant appeals as of right.

The defendant contends on appeal that the trial court erred by failing to have the defendant, his counsel, and the prosecutor affirmatively acknowledge on the record the plea agreement as required by GCR 1963, 785.7(2). We disagree. Where defendant challenges whether a proper record in ac-

knowledgement of plea bargaining was made under GCR 1963, 785.7(2), which would compel a remand when such procedure is not followed, he must provide us record evidence to believe a plea bargain actually existed. A record which simply shows defendant pled guilty to a lesser included offense is not sufficient for us to infer a bargain. As a rule, we will not trigger a procedure properly intended to protect a defendant who plea bargains where any reasonable alternative interpretation of the record appears to us to indicate other than plea bargaining. Other possibilities reasonably exist here and so we do not believe GCR 785.7(2) is applicable to this plea-taking record.[1]

Defendant next argues that the trial court erred reversibly by its failure to comply with GCR 1963, 785.7(1)(c), which requires the trial court to inform the defendant that if he is on probation or parole, the entry of his plea in the present action admits violation of probation or parole, and may subject him to a sentence and imprisonment for the offense under which he was paroled or placed on probation.

Admittedly, where a defendant can show that the trial court failed to comply with GCR 1963, 785.7(1)(c), reversal is required. However, in the case at bar, defendant does not allege or contend that he was in fact on probation or parole.

In short, we feel that where a defendant seeks reversal of a plea-based conviction on the grounds of the trial court's noncompliance with GCR 1963, 785.7(1)(c), he must specifically allege that he was on probation or parole and that he was subjected to confinement for violation of parole or probation

---

[1] A guilty plea on lesser offenses may demonstrate nothing more than that the prosecutor felt his case on the greater offense was not factually supported and so chose to pursue a lesser count.

because of his guilty plea conviction. Defendant's second allegation of error is without merit.
    Affirmed.

BASHARA, P. J., concurred.

T. M. BURNS, J. *(dissenting).* The majority holds that "[w]here defendant challenges whether a proper record in acknowledgment of plea bargaining was made under GCR 1963, 785.7(2), which would compel a remand when such procedure is not followed, he must provide us record evidence to believe a plea bargain actually existed".

In his brief on appeal, defendant assigned reversible error to the trial court's failure to have the plea bargain affirmatively acknowledged by the defendant, his lawyer and the prosecutor in accordance with GCR 1963, 785.7(2). In his brief defendant cites from the plea transcript:

"*The Court:* Now, it is my understanding that this plea is the result of plea bargaining with the Prosecutor's Office * * * ".

Clearly defendant has provided us record evidence that a plea bargain actually existed. The transcript reveals, in fact, that it was the trial court's understanding that an agreement had been reached concerning the offense to which defendant would plead guilty and the maximum sentence he would receive. The defendant acknowledged that there was an agreement but the specifics of the bargain were not stated and neither defense counsel nor the prosecutor acknowledged even its existence. The trial court failed to comply with GCR 1963, 785.7(2), now GCR 1963, 785.7(2)(b). Remand is required. *Guilty Plea Cases,* 395 Mich 96, 127; 235 NW2d 132 (1975).