■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD McMILLEN, Appellant. — Appeal from a judgment of the County Court of Chemung County, rendered March 16, 1979, upon a verdict convicting defendant of the crimes of burglary in the third degree and possession of burglar's tools. During the early morning hours of August 9, 1978, while in the course of his usual patrol duties, a City of Elmira police officer observed the door of a local bar ajar. As he approached to investigate, he heard noises coming from within the bar. Drawing his revolver, he ordered the person inside to come out, and as defendant McMillen did so the officer asked, "Who are you?", to which defendant replied, "Lennie Edwards. I'm the bartender here." Both statements were untrue and, contrary to defendant's assertion, admissible in evidence for the single question asked by the officer did ·not constitute an interrogation to which *Miranda* warnings, which were thereafter given, were applicable *(People v Huffman,* 41 NY2d 29). Defendant also maintains that section 70.06 of the Penal Law, regarding imprisonment for second felony offenders, is unconstitutional on equal protection grounds because under the Marihuana Reform Act of 1977 (L 1977, ch 360, § 3), his 1971 crime of possessing marihuana has since been downgraded from felony to misdemeanor status. That argument is also unpersuasive for at the time that crime was committed defendant's conduct was considered a serious breach. The fact that community mores have since undergone change and such conduct is now deemed less reprehensible does not alter the circumstance that when he elected to flout the law his behavior was viewed as a serious crime (cf. *People v Klein,* 280 App Div 897, affd 305 NY 766; *People ex rel. Kruger v Snyder,* 261 App Div 352). Although application of section 70.06 results in different treatment being accorded defendant from that given one convicted of committing the same crime, but after enactment of the Marihuana Reform Act, this does not render the statute unconstitutional, for equal protection does not mandate absolute equality but merely that the treatment conferred not be so disparate as to be arbitrary or invidiously discriminatory *(People v Pacheco,* 73 AD2d 370). As for defendant's remaining contention that he was prejudiced by the court's ruling on his *Sandoval* motion, we note only that the 1971 drug possession conviction was not too remote in time *(People v Shields,* 46 NY2d 764). Judgment affirmed. Mahoney, P.J., Main, Casey, Yesawich, Jr., and Weiss, JJ., concur.