PEOPLE v DITTO

Docket No. 52680. Submitted September 14, 1981, at Detroit.—Decided October 21, 1981.

Robert Ditto was convicted, on his plea of guilty, of larceny in a building in Wayne Circuit Court, Richard D. Dunn, J. He appeals alleging that: (1) the prosecuting attorney abused his discretion by charging the defendant under the statute prohibiting larceny in a building, a felony, rather than under the statute prohibiting simple larceny, a misdemeanor, (2) the trial court erred in not complying with the court rule requiring that the trial court advise the defendant at the plea proceeding that by pleading guilty, the defendant waives the right to be presumed innocent until proven guilty, and (3) the trial court erred in not advising him that by pleading guilty he was subject to confinement for violation of probation or parole. *Held:*

1. The prosecutor did not abuse his discretion in charging the defendant with larceny in a building rather than simple larceny. The defendant's argument is more properly one for consideration by the Legislature than the Court of Appeals.

2. The court rule requiring the court to advise the defendant that by pleading guilty he waived the right to be presumed innocent until proven guilty was satisfied since exact wording by the court is not required as long as the defendant knew what a trial is and that by pleading guilty he was knowingly and voluntarily giving up the rights incident to trial.

3. Since the defendant has not alleged that he was subjected to confinement for violation of probation or parole because of his guilty plea, no error requiring reversal occurred because of

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 41 Am Jur 2d, Indictments and Informations § 226.

[2] 21 Am Jur 2d, Criminal Law § 473.

Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

[3] 21 Am Jur 2d, Criminal Law § 477.

[4, 5] 50 Am Jur 2d, Larceny § 50.

the trial court's failure to advise the defendant of that eventuality.

Affirmed.

V. J. BRENNAN, J., dissented. He believed that the prosecutor abused his discretion in charging the defendant under the statute prohibiting larceny in a building rather than under the statute prohibiting simple larceny. He believed that it was not the intent of the Legislature to have the statute prohibiting larceny in a building applied to a petty shoplifting case. He would reverse the trial court and remand the case for a reduction of the charge.

## OPINION OF THE COURT

1. PROSECUTING ATTORNEYS — CRIMINAL LAW.

It is not an abuse of discretion for a prosecutor to charge a defendant under the more harsh of two statutes where the defendant can be charged under two different statutes for the same offense.

2. CRIMINAL LAW — GUILTY PLEAS — COURT RULES.

The Michigan court rule which requires that the trial court advise a defendant at the plea proceeding that by pleading guilty he waives the right to be presumed innocent until proven guilty is satisfied where the record reveals that the defendant knew what a trial is and that by pleading guilty he was knowingly and voluntarily giving up the rights incident to trial; specific wording is not required (GCR 1963, 785.7[1][g][iii]).

3. APPEAL — GUILTY PLEAS — PROBATION OR PAROLE.

An appeal of a plea-based conviction on grounds that the trial court failed to inform a defendant that if he was on probation or parole the entry of his plea would admit violation of probation or parole and might subject him to a sentence of imprisonment for that violation must contain an allegation that the defendant was on probation or parole and that he was subjected to confinement for violation because of his guilty-plea conviction in order for that issue to be considered (GCR 1963, 785.7[1][e]).

## DISSENT BY V. J. BRENNAN, J.

4. PROSECUTING ATTORNEYS — CRIMINAL LAW.

*A prosecuting attorney abused his discretion when he charged a shoplifter who had stolen $12.95 worth of goods with larceny in a building, a felony, rather than with simple larceny, a misdemeanor.*

5. LARCENY — SHOPLIFTING.

  *The Legislature did not intend to have the statute prohibiting larceny in a building applied in a shoplifting case; petty shoplifting, no matter how frequently performed, does not amount to a felony.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Janice M. Joyce,* Assistant Prosecuting Attorney, for the people.

*Chari Grove,* Assistant State Appellate Defender, for defendant on appeal.

Before: BASHARA, P.J., and J. H. GILLIS and V. J. BRENNAN, JJ.

BASHARA, P.J. Defendant appeals his plea-based conviction of larceny in a building, MCL 750.360; MSA 28.592.

Initially, defendant contends that the prosecutor abused his discretion by charging him under the statute prohibiting larceny in a building, a felony, rather than for simple larceny, MCL 750.356; MSA 28.588, which is a misdemeanor.

The argument lacks merit. Michigan's appellate courts have regularly held that where an alleged defendant could have been charged under two different statutes for the same offense, it is not an abuse of discretion to charge the violation under the more harsh of the two statutes. *Genesee Prosecutor v Genesee Circuit Judge,* 391 Mich 115; 215 NW2d 145 (1974), *Genesee Prosecutor v Genesee Circuit Judge,* 386 Mich 672; 194 NW2d 693 (1972), *People v Swearington,* 84 Mich App 372; 269 NW2d 467 (1978).

Defendant's argument is more properly one for

consideration by the Legislature and not this Court.

Defendant also alleges that the trial court did not comply with GCR 1963, 785.7(1)(g)(iii), which requires that the trial court advise a defendant at the plea proceeding that by pleading guilty he waives the right to be presumed innocent until proven guilty. In *Guilty Plea Cases,* 395 Mich 96, 122; 235 NW2d 132 (1975), the Court held that the court rule has been satisfied where the record reveals that the defendant knew what a trial is and that by pleading guilty he was knowingly and voluntarily giving up the rights incident to trial. Specific wording is not required. *Id.,* 122-124. Review of this record reveals that subrule 7(1)(g)(iii) was satisfied where the court informed the defendant that "the people would have to establish your guilt beyond a reasonable doubt, and if they failed to do that, you would be entitled to acquittal or being found not guilty".

Defendant's remaining allegation of error is also without merit. Since defendant has not alleged that he was subjected to confinement for violation of probation or parole because of his guilty plea, no error requiring reversal occurred due to the trial court's failure to advise the defendant of that eventuality under GCR 1963, 785.7(1)(e). *People v Hunt,* 72 Mich App 168; 249 NW2d 341 (1977).

Affirmed.

J. H. GILLIS, J., concurred.

V. J. BRENNAN, J. *(dissenting).* I respectfully dissent. The facts of this case are that defendant stole four socket sets worth approximately $12.95 from a drug store. In short, defendant was guilty of shoplifting. I have consistently adhered to the position that, under such undisputed facts, the

prosecutor abuses his discretion when he over-charges a shoplifter with larceny in a building, a potential four-year felony conviction, rather than with larceny under $100, a 90-day misdemeanor. *People v CarMichael,* 86 Mich App 418; 272 NW2d 667 (1978), *lv den* 406 Mich 949 (1979), *People v Evans* (V. J. BRENNAN, J., *dissenting),* 94 Mich App 4, 11; 287 NW2d 608 (1979), *People v Hart* (V. J. BRENNAN, J., *dissenting),* 98 Mich App 273, 276; 296 NW2d 235 (1980). It was not the intent of the Legislature to have the statute prohibiting larceny in a building applied in a shoplifting case. Petty shoplifting, no matter how frequently performed, does not amount to a felony. The penalties for shoplifting, as prescribed by the Legislature, are deemed to be sufficient deterrence and punishment. It is an abuse of prosecutorial discretion to elevate a 90-day misdemeanor into a four-year felony. Hopefully the Supreme Court will soon speak to this issue. Until then, I would reverse and remand for a reduction of the charge.