■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID LEE BUTLER, Appellant. — Appeal from a judgment of the County Court of Rensselaer County (Clyne, J.), rendered December 29, 1981, convicting defendant upon his plea of guilty of the crime of criminal possession of stolen property in the second degree. As a result of an incident which allegedly occurred at approximately 2:00 P.M. on October 17, 1980 at 1506 Broadway in the City of Rensselaer wherein defendant knowingly possessed a bass fiddle stolen from the residence of one John Bedell located in Rensselaer, defendant was charged with criminal possession of stolen property in the second degree (Penal Law, § 165.45, subd 1) in a criminal information filed on October 25, 1980 in Rensselaer City Police Court. He was subsequently indicted on the same charge on February 25, 1981 and pleaded guilty to the charge on December 11, 1981. In consideration of his plea, the prosecution consented to the dismissal of a second indictment then pending against defendant which charged him with burglary in the third degree and grand larceny in the third degree. Thereafter, on December 29, 1981, defendant was sentenced, as a predicate felon, to an indeterminate term of imprisonment of one and one-half to three years. On this appeal, defendant makes several contentions, all of which are lacking in substance. In so concluding, we initially note that the constitutionality of section 70.06 of the Penal Law is firmly established (cf. *People v Parker,* 41 NY2d 21), and the increased punishments imposed thereunder upon second felony offenders do not render the statute an ex post facto law as applied to this defendant even though his prior felony conviction was obtained before the enactment of the statute. The increased sentence is imposed for the present crime and not as "an additional penalty for the prior offense" (*People v Pray,* 50 AD2d 987, 988). Furthermore, the statute was properly applied to defendant despite the fact that his earlier offense, for which he was convicted as a felon in 1973, was changed in 1977 to a misdemeanor (cf. *People v McMillen,* 80 AD2d 966). Defendant's remaining arguments are similarly unpersuasive. By his guilty plea he waived his argument relative to a speedy trial under CPL 30.30 (*People v Suarez,* 55 NY2d 940), and considering the various pertinent factors set forth in *People v Taranovich* (37 NY2d 442), we find his speedy trial argument under CPL 30.20 also without merit. Lastly, even if it is assumed that the Chief Judge lacked the authority to transfer Albany County Judge Clyne to Rensselaer County, Judge Clyne nevertheless had jurisdiction to sentence defendant on December 29, 1981 (see *Matter of Morgenthau v Cooke,* 56 NY2d 24; see, also, CPL 10.10, subd 2, par [b]; 10.20, subd 1, par [a]). Judgment affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.