PEOPLE v McCRACKEN

PEOPLE v McBRIDE

Docket Nos. 65376, 65634. Submitted January 6, 1983, at Lansing.— Decided April 6, 1983.

Terry McCracken was charged with larceny in a building and was convicted, on his plea of guilty, of attempted larceny in a building, Eaton Circuit Court, Richard Robinson, J.

Laura A. McBride was convicted, on her plea of guilty, of larceny in a building, the charged offense, Eaton Circuit Court, Richard Robinson, J.

In each case the defendants had been charged with stealing goods with a value of less than $100 from a retail store. Both guilty pleas were offered in exchange for concessions from the prosecution. Each defendant appealed, alleging that it is always an abuse of discretion for a prosecutor to charge a defendant with larceny in a building for an act of shoplifting. The appeals were consolidated for hearing and decision. *Held:*

It is not an abuse of prosecutorial discretion to charge a defendant with larceny in a building, rather than with larceny of goods less than $100 in value (shoplifting), where there is no showing of intentional and purposeful discriminatory prosecution. This is particularly true in a case, like each of those herein, in which the defendant has an extensive criminal record.

Affirmed.

CRIMINAL LAW — LARCENY — PROSECUTORIAL DISCRETION — CRIMES CHARGED.

It is not an abuse of prosecutorial discretion to charge a defendant who steals goods valued at less than $100 with larceny in a building, a four-year felony, rather than with larceny of goods less than $100 in value, a misdemeanor, where there is no showing of intentional and purposeful discriminatory prosecution, particularly in a case in which the offense was committed

REFERENCE FOR POINTS IN HEADNOTE

50 Am Jur 2d, Larceny §§ 49, 130.

by a person with an extensive criminal record (MCL 750.356, 750.360; MSA 28.588, 28.592).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Paul F. Berger,* Prosecuting Attorney, and *C. Sherman Mowbray,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Sheila N. Robertson),* for defendants.

Before: ALLEN, P.J., and BRONSON and WAHLS, JJ.

PER CURIAM. In each of two cases, consolidated for purposes of appellate review, defendants challenge the prosecutor's authority to charge persons who have committed larceny of goods less than $100 in value (shoplifting), a misdemeanor, MCL 750.356; MSA 28.588, with larceny in a building, a felony, MCL 750.360; MSA 28.592. The question raised is now pending before the Supreme Court on leave granted in *People v Gonzales* and *People v Howard,* 409 Mich 945 (1980).[1]

Terry McCracken was charged with larceny in a building for stealing a distributor cap and ten voltage regulators from a Kmart store in Eaton County. On March 11, 1982, he pled guilty to a reduced charge of attempted larceny in a building. The plea was entered as part of an agreement that if defendant pled guilty to the reduced charge, the original charge would be dismissed and the prosecution would recommend that defendant not be incarcerated longer than the time he had already served since his arrest. On April 1, 1982, defen-

---

[1] *People v Gonzales* and *People v Howard* were decided by the Supreme Court after this opinion was written. 417 Mich 66; 331 NW2d 878 (1982). Our conclusion and reasoning in the instant cases are consistent with that set forth by the Supreme Court.

dant was sentenced to two years probation, the first six months to be served in the Eaton County jail.

Laura Ann McBride was charged with larceny in a building for stealing one pair of Gloria Vanderbilt jeans from a Meijer Thrifty Acres store in Eaton County. On May 6, 1982, in exchange for an agreement that the prosecution would not charge her as an habitual offender, she pled guilty to the charged offense. On May 20, 1982, she was sentenced to one and one-half to four years in prison.

In virtually identical briefs,[2] defendants argue that it is *always* an abuse of discretion, policy or not to charge larceny in a building for simple shoplifting, and in support of this stance direct attention to Judge BRENNAN's dissenting opinion in *People v Ditto,* 110 Mich App 654, 658; 313 NW2d 177 (1981):

> "It was not the intent of the Legislature to have the statute prohibiting larceny in a building applied in a shoplifting case. Petty shoplifting, no matter how frequently performed, does not amount to a felony. The penalties for shoplifting, as prescribed by the Legislature, are deemed to be sufficient deterrence and punishment. It is an abuse of prosecutorial discretion to elevate a 90-day misdemeanor into a four-year felony. Hopefully, the Supreme Court will soon speak to this issue."

The prosecution argues that it is *never* an abuse of discretion to charge the violation under the more harsh of the two statutes and in support thereof liberally refers to the language in *Genesee Prosecutor v Genesee Circuit Judge,* 386 Mich 672, 683-684; 194 NW2d 693 (1972):

---

[2] The same appellate counsel represented each defendant. Similarly, the assistant prosecuting attorney represents the people in each appeal.

" 'Acting as prosecutor, judge and jury' is a common description of an unfair and unlawful operation. However innocently and mistakenly, this is what happened in this case. The trial judge assumed the right over the objection of the prosecutor to determine under which of two applicable statutes a prosecution will be instituted. As already indicated such determination is an executive function and a part of the duties of the prosecutor. For the judiciary to claim power to control the institution and conduct of prosecutions would be an intrusion on the power of the executive branch of government and a violation of the constitutional separation of powers. Const 1963, art 3, § 2. It also violates our fundamental sense of fair play."

According to the prosecution, it is not the function of the judiciary to substitute its judgment for that of the Legislature which has enacted two statues covering the same offense, nor to usurp control from the prosecutor concerning under which statute a suit should be instituted and prosecuted. See *In re Manufacturer's Freight Forwarding Co,* 294 Mich 57, 64-65; 292 NW 678 (1940).

The overwhelming weight of authority is that, absent a showing of intentional and purposeful discriminatory prosecution, not shown in the instant case, it is not an abuse of prosecutorial discretion to charge the offense committed as a four-year felony rather than a 90-day misdemeanor. *People v Evans,* 94 Mich App 4; 287 NW2d 608 (1979); *People v Hart,* 98 Mich App 273; 296 NW2d 235 (1980); *People v Holmes,* 98 Mich App 369; 295 NW2d 887 (1980); *Ditto, supra; People v Freeland,* 101 Mich App 501; 300 NW2d 616 (1980); *People v Bolton,* 112 Mich App 626; 317 NW2d 199 (1981); *People v Frost,* 120 Mich App 328; 328 NW2d 44 (1982). Only the dissenting opinions of Judge BRENNAN in *Hart* and *Ditto, supra,* and some of the language in *People v*

*Carmichael,* 86 Mich App 418; 272 NW2d 667 (1978),[3] support the position taken by defense counsel.

At oral argument on appeal, the people conceded that prosecutorial abuse might occur if a person having no prior convictions or criminal record were to be charged under the felony statute for taking toothpaste or an article of low value from a store. However, neither defendant in the instant case fits this description. The transcript discloses that defendant McCracken had repeated prior convictions for larceny, obtaining money under false pretenses, and passing checks without sufficient funds. At the time of her arrest, defendant McBride was on escape status from the Detroit Correction Center for September 1979 sentences of two to four years on three charges of larceny in a building in Jackson County. This is precisely the situation found in *Evans, supra.*

In *Evans,* defendant had taken a scarf of minor dollar value from a Sears store. Under a plea agreement by which she was to be charged as a third rather than a fourth offender, she pled guilty to larceny in a building. On appeal she claimed an abuse of prosecutorial discretion and denial of due process and equal rights under the state and federal constitutions. On appeal this Court rejected defendant's claims on the grounds that where the offense is committed by a person who qualifies as an habitual offender, the public interest is best served by allowing the prosecution the discretion to decide under which of two or more statutes the defendant should be prosecuted.

---

[3] Dicta in *People v Carmichael,* also written by Judge BRENNAN, lends support to defendants' claims of overcharging. However, *Carmichael* is factually distinguishable in that it appeared defendant may have been coerced into entering a plea of guilty and suffered from acute alcoholism and mental problems. See *People v Holmes, supra,* 371.

"We emphasize that our finding no abuse of prosecutorial discretion is limited to the particular facts of this case. The offense occurred in a public building, and was committed by a person who clearly qualifies as a habitual offender. The prosecutor's charging discretion, as broad as it is, is not without limitations and is clearly capable of being abused. In an appropriate case, we would not hesitate to find that such an abuse had occurred." *Evans, supra,* p 11.

We agree. So too, in the case before us the offenses were committed by persons with extensive criminal records. Under such circumstances it is quite proper for the prosecutor to decide that the public interest is best served by prosecution as a felony rather than as a misdemeanor. Exercise of prosecutorial discretion on the particular facts of the two cases before us was neither abused nor constitutionally infirm.

Affirmed.