PEOPLE v ODENDAHL

Docket No. 139429. Submitted April 20, 1993, at Detroit. Decided July 6, 1993, at 9:35 A.M. Leave to appeal sought.

Ronald D. Odendahl was convicted by a jury in the Livingston Circuit Court, Stanley J. Latreille, J., of felonious assault and possession of a firearm during the commission of a felony. After a subsequent bench trial, the defendant was found guilty of being an habitual offender, fourth offense, and was sentenced to consecutive prison terms of two years for the felony-firearm conviction and ten to fifteen years for the habitual offender conviction. He appealed.

The Court of Appeals *held:*

1. The sentence of ten to fifteen years' imprisonment was proportionate to the seriousness of the circumstances surrounding the offense and the offender.

2. In finding the defendant guilty of being a fourth-offense habitual offender, the trial court did not err in considering two prior felony convictions of larceny in a building for shoplifting items less than $100 in value even though such conduct is punishable under the present Penal Code as second-degree retail fraud, a misdemeanor.

Affirmed.

CRIMINAL LAW — HABITUAL OFFENDERS — FELONIES RECLASSIFIED AS MISDEMEANORS.

A prior conviction of a felony that subsequently was reclassified as a misdemeanor may be used to enhance a defendant's sentence under the habitual offender statutes.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *David L. Morse,* Prosecuting Attorney, and *Daniel J. Garber, Jr.,* for the people.

REFERENCES

Am Jur 2d, Habitual Criminals and Subsequent Offenders § 6.

See ALR Index under Habitual Criminals and Subsequent Offenders.

*Ina G. Zeemering,* for the defendant on appeal.

Before: HOLBROOK, JR., P.J., and CORRIGAN and SAWYER, JJ.

HOLBROOK, JR., P.J. Following a jury trial, defendant was convicted of felonious assault, MCL 750.82; MSA 28.277, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). After a subsequent bench trial, defendant was found guilty of being a fourth-offense habitual offender, MCL 769.12; MSA 28.1084. Defendant was sentenced to consecutive prison terms of two years for the felony-firearm conviction, and ten to fifteen years for the habitual offender conviction. Defendant appeals his sentences as of right. We affirm.

Defendant first argues that his ten- to fifteen-year sentence for being an habitual offender violates the principle of proportionality articulated in *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990). Defendant concedes that the sentencing guidelines are inapplicable to habitual offender sentencing, but maintains that the trial court ought to use them as a guide for sentencing. Defendant claims that the trial court failed to consider his potential for rehabilitation.

The principle of proportionality demands that sentences be proportionate to the seriousness of the circumstances surrounding the offense and the offender. *Milbourn, supra* at 636. Although the sentencing guidelines are inapplicable to habitual offender sentencing, the guidelines for the underlying offense are a useful reference point for fashioning proportionate habitual offender sentences. *People v Malkowski,* 198 Mich App 610, 615; 499 NW2d 450 (1993). Our review of sentencing is limited to determining whether the trial court

abused its discretion. *Milbourn, supra; People v Poppa,* 193 Mich App 184, 187; 483 NW2d 667 (1992).

We believe that defendant's sentence of ten to fifteen years' imprisonment for the habitual offender conviction is proportionate to the seriousness of the circumstances surrounding the offense and the offender. First, the evidence indicates that defendant argued with and choked the victim. After the victim fled from him, defendant chased her and then shot her three times at close range. Defendant sought aid for the victim following the shooting, but only after returning the rifle. Further, he asked the victim not to report him to the authorities. Second, defendant has an extensive criminal history, including four previous felonies and five misdemeanors. Some of these offenses involved assault crimes. The sentencing guidelines for the felonious assault conviction provided a range of twenty-four to thirty-two months, but the trial court properly considered the circumstances of the crime, defendant's extensive criminal history, and his potential for rehabilitation. Thus, the trial court did not abuse its discretion in sentencing defendant to ten to fifteen years' imprisonment.

Next, defendant claims the trial court erred in using his two prior convictions of larceny in a building to convict him of being an habitual offender because both crimes are now misdemeanors under the contemporary statutes. Defendant preserved this issue by raising it at the bench trial. The trial court held that the prior criminal acts could be used to find him guilty of being an habitual offender because the acts constituted a felony at the time they were committed.

Defendant was previously convicted in 1977 and 1987 of larceny in a building, MCL 750.360; MSA

28.592. The information from the 1977 offense charged defendant with having shoplifted two 12-packs of beer from a grocery store. The record before us does not indicate the factual basis for defendant's 1987 conviction. However, we assume as true defendant's contention that his 1987 conviction also was for shoplifting items valued at less than one hundred dollars.

Before 1988, a person arrested for shoplifting items valued at less than one hundred dollars in a building could be charged at the discretion of the prosecutor with either the felony of larceny in a building or the misdemeanor of simple larceny, MCL 750.356; MSA 28.588. *People v McCracken,* 124 Mich App 711; 335 NW2d 131 (1983). Effective June 1, 1988, the Penal Code was amended to include first-degree retail fraud and second-degree retail fraud, MCL 750.356c; MSA 28.588(3) and MCL 750.356d; MSA 28.588(4), respectively. Further, MCL 750.356d(2); MSA 28.588(4)(2) expressly prohibits a prosecutor from charging a person with the felony of larceny in a building for acts that constitute second-degree retail fraud. Consequently, the crimes defendant committed in 1977 and 1987 could only be charged today as misdemeanors of second-degree retail fraud.

Whether prior convictions for felonies that have since been made a misdemeanor may be used to enhance an habitual offender charge is an issue of first impression in this state. The habitual offender statute for fourth offenders provides in pertinent part:

(1) If a person has been convicted of 3 or more felonies, attempts to commit felonies, or both, whether the convictions occurred in this state or would have been for felonies in this state if the convictions obtained outside this state had been

obtained in this state, and that person commits a subsequent felony within this state, the person shall be punished upon conviction as follows . . . . [MCL 769.12; MSA 28.1084.]

Our Supreme Court in *In re Jerry,* 294 Mich 689; 293 NW 909 (1940), held that a prior conviction for violation of the prohibition laws could be used to enhance a subsequent habitual offender charge even though the prohibition laws had since been repealed. The Court reasoned that the purpose of the habitual offender statute was punishment for the recidivist, and that repealing a criminal law did not "remove from the offender the character of being a violator of the law." *Id.* at 692. Similarly, in *People v Davis,* 89 Mich App 588, 594-595; 280 NW2d 604 (1979), this Court held that an attempt to commit a felony could be used to enhance an habitual offender charge.

The courts of other jurisdictions have held consistently that reducing an offense from a felony to a misdemeanor does not preclude using the prior felony conviction to enhance an habitual offender charge. See, e.g., *Wells v State,* 687 P2d 346, 351-352 (Alas App, 1984); *People v Butler,* 92 AD2d 1071; 461 NYS2d 913 (1983); *State v Morris,* 429 So 2d 111, 121-122 (La, 1983); *State v Brown,* 636 SW2d 929, 936 (Mo, 1982); *Ortiz v State,* 626 SW2d 586, 588-589 (Tex Crim App, 1981); *State v Ross,* 30 Wash App 324, 328-329; 634 P2d 887 (1981); *Ross v State,* 274 Ind 588, 595; 413 NE2d 252 (1980); *Fischer v State,* 483 P2d 1165, 1168 (Okla Crim App, 1971); *State v Darrah,* 76 NM 671, 673; 417 P2d 805 (1966). Again, the rationale for this rule appears to be the punishment of the offender as a recidivist. Defendant fails to provide compelling reasons not to adopt this rule of law. Accordingly, we hold that a trial court may use a convic-

tion of a crime that was a felony at the time it was committed to enhance a subsequent habitual offender charge even though the prior crime has been reclassified as a misdemeanor. Thus, the trial court did not err in using defendant's two prior convictions of larceny in a building to convict him of being an habitual offender.

Affirmed.