PEOPLE *v.* SCHNEIDER.

1. Criminal Law—Change of Venue—Mistrial—New Trial—Local Prejudice.

   Generally a change of venue, a mistrial or a new trial will be granted in a criminal case when a community is so aroused that a fair and impartial trial cannot be had.

2. Jury—Newspaper Reports—Opinions—Prejudice.

   Newspaper reports are ordinarily regarded as too unreliable to influence a fair-minded man when called to act as a juror and although he may have formed an opinion from reading such reports, he is competent if he states he is without prejudice and can try the case impartially according to the evidence and the court is satisfied that he will do so.

3. Criminal Law—Continuance Within Discretion of Court.
   The continuance of a criminal case is within the sound discretion of the trial court.

4. Continuance—Burden of Proof.

   A party claiming an abuse of discretion in the denial of a motion for a continuance has the burden of proving it.

5. Criminal Law—Continuance—Discretion of Court—Prejudice.
   To warrant finding an abuse of discretion in the denial of a motion for continuance by a defendant in a criminal case, prejudice to him must be apparent or proved to have been at least probable.

6. Same—Continuance—Discretion of Court—Newspaper Reports—Prejudice.

   The denial of a motion for continuance in a criminal case did not constitute an abuse of discretion where defendant's counsel announced that he was satisfied with the jurors selected after they had been questioned concerning their fitness to sit as jurors in trial of a county auditor on charge of accepting a bribe and trial took place shortly after the

appearance of newspaper reports pertaining to corruption among the local county officers (Act No. 328, § 118, Pub. Acts 1931).

7. BRIBERY—EVIDENCE—COUNTY AUDITOR—CAMPAIGN EXPENSES.
   In prosecution of county auditor for accepting a bribe where insurance agent had testified that he had an agreement with defendant to contribute a portion of his commission to defendant's campaign. fund in return for county business, the admission of signed and verified statements of campaign expenses of defendant for his office and of the treasurer of his campaign committee was harmless error where the statements failed to show the agent had made a contribution since the gist of the offense is the acceptance of a bribe, not the use to which the bribe money was put (Act No. 328, § 118, Pub. Acts 1931).

8. CRIMINAL LAW—IRREGULARITIES—FAIR AND IMPARTIAL TRIAL.
   On appeal from judgment of conviction of crime, the test is not whether there were some irregularities in the trial but whether defendants had a fair and impartial trial.

9. BRIBERY—SOLICITATION OF A BRIBE.
   The soliciting of a bribe is a complete common-law offense.

10. SAME—PERFORMANCE OF AGREEMENT INVOLVING BRIBERY.
    The fact that an agreement involving bribery is not carried out does not make it any the less bribery for when the agreement is consummated the offense is complete.

11. SAME—ACCEPTANCE OF BRIBE—REQUEST TO CHARGE.
    In prosecution of a member of the board of county auditors for accepting a bribe from an insurance agent, it was not error for trial court to refuse to give requested instruction that it was necessary to show the proper official records of the board to establish what action was taken by it in the matter of awarding business to insurance agent before jury could find defendant corruptly exercised or agreed to exercise his vote in a particular manner in the matter (Act No. 328, § 118, Pub. Acts 1931).

12. SAME—ACCEPTANCE OF BRIBE—SUFFICIENCY OF EVIDENCE.
    In prosecution of one of the county auditors for accepting a bribe, competent evidence *held*, sufficient to permit jury to find defendant guilty (Act No. 328, § 118, Pub. Acts 1931).

Appeal from Recorder's Court for the City of Detroit; Maher (John J.), J. Submitted April 13,

1944. (Docket No. 66, Calendar No. 42,471.) Decided June 5, 1944.

Ray D. Schneider was convicted of accepting a bribe. Affirmed.

*Frank G. Schemanske,* for appellant.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *William E. Dowling,* Prosecuting Attorney, and *John W. Gilmore* and *Henrietta E. Rosenthal,* Assistant Prosecuting Attorneys, for the people.

SHARPE, J. Defendant, one of the county auditors of Wayne county, was arrested, charged and convicted of the crime of accepting a bribe, contrary to the provisions of section 118 of the penal code, Act No. 328, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115–118, Stat. Ann. § 28.313). The information charged defendant with receiving money from Edgar M. Robbins in pursuance of an unlawful agreement and understanding that his vote, opinion, judgment or influence would favor the awarding of contracts of insurance to the said Edgar M. Robbins. The cause was set for trial for September 16, 1942, but a mistrial was declared on September 21, 1942, by reason of the following article appearing in the Detroit Free Press, a newspaper published in the city of Detroit:

"GOOD MONEY AFTER BAD"
"Ray D. Schneider, ousted Wayne county auditor charged with accepting bribes, has been brought to trial. A great deal of public money has been spent to establish that evidence against him warrants presentation of the case to the jury. A further substantial sum must go out of the tax-supported coffers to determine his guilt or innocence.

"Nor is there ground to hope that should the present jury convict Schneider it would terminate this outlay. If he chooses, the ex-auditor can protract the processes of justice indefinitely—as witness former Prosecutor Duncan C. McCrea, and former Sheriff Thomas C. Wilcox. Long since convicted of betraying the public's trust, they still are free men by reason of appeal processes.

"Other Wayne county officials and appointees—among them another former auditor, Edward H. Williams—accepted jury findings without taking recourse to further court fights and are now in prison. Having cheated Wayne county's taxpayers out of scores of thousands of dollars by their malfeasances, having put the State and county to the cost of trying them, they are now being supported by the State as inmates of institutions.

"Altogether, Michigan's taxpayers have taken a thorough financial drubbing from corrupt officials in this county. With the opportunities for pilfering Wayne's present governmental form offers, it is inevitable that sooner or later another gang of rogues will take it over. Then the whole costly, shameful process will have to be gone through again—with every taxpayer in Michigan as the ultimate sucker."

On October 4, 1942, a day before the trial of defendant was to commence, the Detroit News, a newspaper published in the city of Detroit, published the following editorial:

"MICHIGAN VOTERS ARE ASKED TO
HELP WAYNE'S PROGRAM
"Once again we appeal to all decent, law-respecting out-State voters for their support of Proposal No. 2, the amendment to give Wayne county a chance to reform its government.

"Voters like you often have been disgusted by political goings-on in Wayne.

"Rest assured you have not been alone in that feeling, which is shared here in Wayne county by good citizens like yourselves. Long ago the decent citizens of Wayne recognized the need for reform, as well as the kind of reform needed. Two attempts have been made to get a more responsible form of government, both wrecked by political shysters aided, as it developed, by your indifference out-State.

"With the present attempt, we in Wayne county feel it is now or never. The Judge Ferguson grand jury just has finished turning up evidence of county graft that is a stench in the nostrils of all Michigan. Two auditors, a sheriff and a prosecutor have been convicted, as well as a number of lesser officials and former officials.

"We in Wayne county feel that if this will not arouse the out-State voter to come to our assistance, nothing will. Here is the clinching evidence that our big industrial county, with its more than 2,000,000 population, simply can not have proper government with the present governmental forms.

"Maybe the present form gives reasonable satisfaction in YOUR county. It doesn't here. Here it means a board of supervisors bigger than most State legislatures. It means a dozen 'executives' to be voted on, whom not one voter in a thousand can name, let alone keep track of. Here in Wayne this is a set-up for corrupt machine government, and that is what we get.

"The amendment we ask you to support as proposal No. 2 provides for a simplified government, with only one county executive and a small legislative body. It calls for nonpartisan voting and the hiring of county employees under civil service restrictions. It provides, in short, for the kind of government Wayne can hope to hold responsible. * * *

"People are going to tell you, perhaps in the last days of the campaign, that this is all right but why

not leave it to the legislature. We've tried that and failed, because machine politicians were strong enough to sabotage the legislation. People are going to tell you that, even if an amendment is necessary, voting on it is Wayne's problem, not yours.

"Ask those people why, then, they are so eager to beat Wayne's amendment!

"The truth is, this is your problem. Only your votes, plus ours, can put the amendment over, against the combined opposition of the machine out-State and the county machine here. It is your problem because Wayne is a part of Michigan and what dirties Wayne politics dirties politics the State over.

"The decent citizens of Wayne county are counting on you in this, their greatest and final effort to clean up Wayne county. Will you help?"

On October 5, 1942, counsel for defendant moved for an adjournment because of the proximity of the date of the trial to the date of the Detroit Free Press article and the Detroit News editorial. At the request of the trial court all members of the jury were questioned in their *voir dire* examination with regard to the above articles, and all denied any prejudice as a result of reading or hearing about the articles. The motion for adjournment was denied and the cause proceeded to trial, resulting in conviction of defendant. Defendant appeals and complains that he was not accorded a fair trial by reason of the trial having taken place so soon after the publication of the above articles; that it was error to offer and receive in evidence certain exhibits which were expense accounts of defendant as a candidate for county auditor; and for failure to give an instruction, later referred to.

It is to be noted that before a jury was selected the trial judge made the following statement:

"The court will not proceed with the trial if we cannot find a jury of twelve people who are fair and impartial, but first I want to find out whether we can or whether we can't."

The record shows that there was no challenge to the array, no motion for change of venue, nor did defendant's counsel exhaust his peremptory challenges.

The general rule in Michigan is that a change of venue, a mistrial or a new trial will be granted when a community is so aroused that a fair and impartial trial cannot be had.

In *People v. Swift,* 172 Mich. 473, we quoted with approval from 24 Cyc. p. 298, where the rule is announced:

"Newspaper reports are ordinarily regarded as too unreliable to influence a fair-minded man when called upon to pass upon the merits of a case in the light of evidence given under oath; and it is now a well-settled rule that a juror, although he may have formed an opinion from reading such reports, is competent if he states that he is without prejudice and can try the case impartially according to the evidence, and the court is satisfied that he will do so."

In *People v. Raider,* 256 Mich. 131, counsel had requested a continuance after the three leading newspapers of the city of Detroit had carried articles of the arrest of some of the witnesses charged with perjury and had mentioned that defendant was to have an early trial. We there said:

"Continuance was within the sound discretion of the court. The burden is on the party claiming abuse of discretion to show it. Prejudice to defendant must be apparent or proved to have been at least probable."

In the case at bar, defendant's counsel having announced that he was satisfied with the jurors selected, after the jurors had been questioned concerning their fitness to sit as jurors in this particular case, we find no abuse of discretion on the part of the trial court in denying the motion for a continuance.

It is also urged that the admission of exhibits 20, 21 and 22 was reversible error. The exhibits referred to were the signed and verified statements of campaign expenses of defendant, Ray D. Schneider, for the office of county auditor of Wayne county, and of the treasurer of defendant's campaign committee, and were introduced by the prosecution after the people's witness, E. M. Robbins, testified that he had an agreement with defendant to contribute a portion of his commission to defendant's campaign fund in return for county business. The exhibits failed to show that E. M. Robbins made any contribution to the campaign expenses of Ray D. Schneider, defendant, as a candidate for the office of county auditor.

Under the foregoing section of the penal code, the gist of the offense is the acceptance of a bribe. The purpose for which bribe money is used has no bearing upon the guilt or innocence of one so charged.

The admission of these exhibits in evidence was at most a harmless error.

In *People* v. *O'Hara,* 278 Mich. 281, 306, we said:

"The test is not whether there were some irregularities, but instead did the defendants have a fair and impartial trial."

It is also urged that the trial court was in error in failing to give the following requested charge:

"I charge you further that before you can find that the defendant corruptly exercised or agreed to exercise his vote in a particular manner on the ques-

tion of awarding contracts for insurance to Edgar M. Robbins, doing business as Robbins Insurance Agency, it is incumbent upon the State to show the proper official records of the board of Wayne county auditors to establish what action was taken by such board in the matter.''

In *People* v. *Hammond,* 132 Mich. 422, we held that the soliciting of a bribe is a complete common-law offense, though the person solicited refused to cooperate.

In 8 Am. Jur. p. 890, the rule is stated to be:

''The fact that an agreement involving bribery is not carried out does not make it any the less bribery. The agreement is the essence of the offense; when that is consummated, the offense is complete. Failure of an executive officer to abide by his agreement upon a money consideration not to take official action in a certain case does not relieve his agreement not to do so from the character of bribery.''

In *State* v. *Lehman,* 182 Mo. 424 (81 S. W. 1118, 66 L. R. A. 490, 103 Am. St. Rep. 670), it is said:

''It is not necessary, in order to constitute bribery, that the vote of the public official bribed should be on a measure that could be enforced. The crucial test may thus be stated: 'Is a matter pending before the officer in his official capacity, or one that may be brought before him in such capacity?' It is not a question as to the force and vitality of the ordinance pending; it was a subject that the municipal assembly had the right to legislate upon; the ordinance was pending before it; defendant was a member of that assembly; he was not only authorized to vote upon it, but it was his duty to do so, and any corrupt agreement or promise, which had for its purpose an improper influence upon his action in respect to said measure, has all the elements of bribery under the statute, and it makes no difference whether the measure is a valid one or not.''

Section 118 of the penal code (Comp. Laws Supp. 1940, § 17115–118, Stat. Ann. § 28.313) reads as follows:

"Any executive, legislative or judicial officer who shall corruptly accept any gift or gratuity, or any promise to make any gift, or to do any act beneficial to such officer, under an agreement, or with an understanding that his vote, opinion or judgment shall be given in any particular manner, or upon a particular side of any question, cause or proceeding, which is or may be by law brought before him in his official capacity, or that in such capacity, he shall make any particular nomination or appointment, shall forfeit his office, and be forever disqualified to hold any public office, trust or appointment under the Constitution or laws of this State, and shall be guilty of a felony, punishable by imprisonment in the State prison not more than ten years, or by fine of not more than five thousand dollars.

Under the above section of the penal code the action taken by the board of auditors of Wayne county is not an element of the offense charged. The trial court was right in refusing to give the requested instruction.

It is also urged that the verdict is against the great weight of the evidence. We have examined the record carefully and conclude that there was competent evidence upon which a jury could find the defendant guilty of the crime charged.

The judgment is affirmed.

NORTH, C. J., and STARR, WIEST, BUTZEL, BUSHNELL, BOYLES, and REID, JJ., concurred.