PEOPLE v GIBBS

Docket No. 56481. Submitted July 1, 1982, at Grand Rapids.—Decided
    October 18, 1982.
    Stanley L. Gibbs and a codefendant were both found guilty of
    first-degree felony murder following a joint trial in Genesee
    Circuit Court and were sentenced to life imprisonment, Earl E.
    Borradaile, J. Gibbs appeals. *Held:*
      1. The trial court did not abuse its discretion in denying
    defendant Gibbs' motion for a separate trial.
      2. The trial court did not abuse its discretion by not granting
    a change of venue.
      3. Charging defendant Gibbs with felony murder plus the
    underlying felonies of breaking and entering an occupied dwell-
    ing, unarmed robbery, and first-degree criminal sexual conduct
    did not violate the Double Jeopardy Clause of either the United

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 75 Am Jur 2d, Trial § 17.
[2, 3] 75 Am Jur 2d, Trial § 21.
    Antagonistic defenses as ground for separate trials of codefendants
      in criminal case. 82 ALR3d 245.
[4] 77 Am Jur 2d, Venue §§ 48, 49.
[5] 77 Am Jur 2d, Venue § 84.
[6] 4 Am Jur 2d, Appeal and Error § 491.
[7] 21 Am Jur 2d, Criminal Law § 378.
    77 Am Jur 2d, Venue § 59.
    Choice of venue to which transfer is to be had, where change is
      sought because of local prejudice. 50 ALR3d 760.
    Pretrial publicity in criminal case as ground for change of venue.
      33 ALR3d 17.
[8] 21A Am Jur 2d, Criminal Law § 688.
    75 Am Jur 2d, Trial § 32.
[8, 9] 77 Am Jur 2d, Venue § 60.
[9] 21 Am Jur 2d, Criminal Law § 389.
    21A Am Jur 2d, Criminal Law §§ 688, 689, 841.
[10] 21 Am Jur 2d, Criminal Law § 244.
[11] 40 Am Jur 2d, Homicide §§ 72, 454.
    Application of felony-murder doctrine where the felony relied upon
      is an includible offense with the homicide. 40 ALR3d 1341.
[12] 40 Am Jur 2d, Homicide § 184.

States Constitution or the Michigan Constitution. As long as the jury is not allowed to return guilty verdicts on both felony murder and the underlying felonies, no violation of the double jeopardy provisions occurs.

Affirmed.

1. CRIMINAL LAW — CODEFENDANTS — SEPARATE TRIALS.

The decision whether to grant two or more defendants jointly charged for the same offense separate trials is vested by statute in the discretion of the trial court (MCL 768.5; MSA 28.1028).

2. CRIMINAL LAW — CODEFENDANTS — SEPARATE TRIALS.

A defendant does not have a right to a separate trial when charged jointly with a codefendant for an offense, but severance should be granted if the codefendants' defenses are antagonistic to each other.

3. CRIMINAL LAW — CODEFENDANTS — SEPARATE TRIALS — APPEAL.

The focus on appellate review of a trial court's denial of a defendant's motion for separate trials is on what the trial court was made aware of by defense counsel before the trial began rather than on what actually happened during trial; a defense counsel's statement of antagonistic defenses must be supported by an affidavit defining the inconsistencies between the defenses of the parties and showing clearly, affirmatively, and fully any prejudice which would result from a joint trial in order for the Court of Appeals to find an abuse of discretion in not ordering separate trials.

4. VENUE — CHANGE OF VENUE.

Trial courts are authorized by statute to change venue and direct a cause to be tried in the circuit court of another county (MCL 762.7; MSA 28.850).

5. VENUE — CHANGE OF VENUE — APPEAL.

The decision to grant or deny a motion for change of venue is left to the discretion of the trial court and will not be overruled on appeal absent a clear abuse of discretion.

6. APPEAL — EXTRANEOUS MATTERS.

Items outside the scope of a trial court record are not properly subject to consideration on review.

7. VENUE — CHANGE OF VENUE.

A change of venue generally will be granted where a community is so aroused that a fair and impartial trial cannot be had.

8. JURY — NEWSPAPER REPORTS — OPINIONS — PREJUDICE.

Newspaper reports are ordinarily regarded as too unreliable to
influence a fair-minded man when called to act as a juror and,
although he may have formed an opinion from reading such
reports, he is competent if he states he is without prejudice and
can try the case impartially according to the evidence and the
court is satisfied that he will do so.

9. VENUE — CHANGE OF VENUE — ABUSE OF DISCRETION.

The burden is on the defendant to establish an abuse of discretion
in denying a change of venue motion by showing that the
jurors had preconceived opinions as to his guilt; this burden is
not fulfilled by a mere showing of pretrial publicity unless it is
also shown that an impartial jury could not be obtained.

10. CONSTITUTIONAL LAW — DOUBLE JEOPARDY.

The constitutional guarantee against twice being put in jeopardy
for the same offense consists of three separate constitutional
protections: (1) protection against prosecution for the same
offense after acquittal; (2) protection against a second prosecu-
tion for the same offense after conviction; and (3) multiple
punishments for the same offense (US Const, Am V; Const
1963, art 1, § 15).

11. HOMICIDE — FELONY MURDER.

A charge of felony murder encompasses charges of lesser included
felonies, and proof of any one lesser included felony is sufficient
to supply the element of premeditation necessary to raise
second-degree murder to first-degree murder; even so, it is still
necessary for the prosecution to prove the remaining elements
of murder after proving an underlying felony in order to
sustain a felony murder verdict; if the prosecution cannot
adequately prove all the elements of murder, a conviction on
the underlying felony may still result (MCL 750.316; MSA
28.548).

12. HOMICIDE — FELONY MURDER — UNDERLYING FELONIES — DOUBLE
JEOPARDY.

A conviction cannot be returned on any underlying felony which
was used to raise a charge of murder to first-degree murder for
purposes of obtaining a felony-murder conviction; however,
charging and trying a defendant on both felony murder and the
underlying felony does not violate the double jeopardy protec-
tions as long as the jury is not allowed to return guilty verdicts
on both the felony murder and the underlying felony since no
multiple punishments for the underlying felony will result.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Edwin R. Brown,* Assistant Prosecuting Attorney, for the people.

*Krellwitz, Cavanaugh & Beauvais, P.C.* (by *Philip H. Beauvais, III),* for defendant on appeal.

Before: M. J. KELLY, P.J., and R. M. MAHER and R. L. TAHVONEN,* JJ.

M. J. KELLY, P.J. Defendant was charged along with two other men, Fletcher Darnell Small and Charles Clifford Scroggins, II, with committing first-degree felony murder, MCL 750.316; MSA 28.548, breaking and entering an occupied dwelling with the intent to commit a felony, MCL 750.110; MSA 28.305, unarmed robbery, MCL 750.530; MSA 28.798, and first-degree criminal sexual conduct, MCL 750.520b(1)(d); MSA 28.788(2)(1)(d). Defendant was tried by jury beginning on October 17, 1980, along with codefendant Small. Codefendant Scroggins was tried separately. Following trial, defendant and Small were both found guilty of first-degree felony murder. On November 18, 1980, defendant and Small were each sentenced to life imprisonment. Defendant appeals as of right.

I

Defendant claims error due to the trial court's decision not to grant his motion for a separate trial. The decision on whether to grant two or more defendants jointly charged for the same offense separate trials is vested by statute in the

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

discretion of the trial court. MCL 768.5; MSA 28.1028. A defendant does not have a right to a separate trial, but severance should be granted if the codefendants' defenses are antagonistic to each other. *People v Hurst,* 396 Mich 1, 6; 238 NW2d 6 (1976).

Since joint or separate trials is a matter of judicial discretion exercised prior to trial, the focus on appellate review is on what the trial court was made aware of by defense counsel before the trial began, rather than on what actually happened during trial. See *People v Kramer,* 108 Mich App 240, 256; 310 NW2d 347 (1981). Thus, defense counsel's statement of antagonistic defenses must "be supported by an affidavit defining the inconsistencies between the defenses of the parties in order for this Court to find an abuse of discretion in not ordering separate trials". *Kramer, supra,* p 256. In the affidavit, defendants need show clearly, affirmatively, and fully any prejudice which would result from a joint trial. *Kramer, supra,* p 256; *People v Gunter,* 76 Mich App 483, 489; 257 NW2d 133 (1977).

In the instant case, originally all three codefendants were scheduled to be tried together. Codefendant Scroggins was eventually tried separately because he was being tried on another charge in a separate case at the time the instant trial commenced. Defendant and codefendant Small, however, were tried together. The issue of separate trials was originally brought before the trial court on October 8, 1980. Defense counsel argued that inconsistent defenses would be utilized. The trial court had previously ruled, however, that codefendant Small's statements to police officers after his arrest were inadmissible in the prosecution's case

in chief, other than Small's fully admissible statement that, "I was just there, man". This statement was not antagonistic to defendant. Small's counsel told the court, "I don't know if my client is going to take the stand or not". Thus, the court was not left with any definite or clear showing that prejudice to the defendant would result from a joint trial. The court informed defense counsel that decisions of this Court require supporting affidavits defining the inconsistencies between defenses. After full argument and on-the-record consideration of alternatives and the inherent problem of delayed trials if a joint trial were not held, the court denied the separate-trial motion without prejudice.

Prior to trial, after codefendant Scroggins was removed from the case, the separate-trial motion was again raised. Antagonistic defenses were again alleged; however, no specific showing of inconsistencies between the two defendants' defenses was made. Since specific instances of prejudice and clear inconsistencies in defenses were not shown to the trial court, the court did not abuse its discretion in denying separate trials.

II

Before trial, defense counsel moved for a change of venue. This motion was denied. Defendant alleges as error the trial court's decision not to grant a change of venue.

Statutory authority allows a trial court to change venue and direct the cause to be tried in the circuit court of another county. MCL 762.7; MSA 28.850. This decision is left to the discretion of the trial court and will not be overruled on appeal absent a clear abuse of discretion. *People v*

*Prast,* 105 Mich App 744, 747; 307 NW2d 719 (1981).

Defendant argues on appeal that a number of pretrial newspaper articles prejudiced the jury. These articles are not part of the record and can be found only as an appendix to defendant's brief. Since the articles are outside the scope of the record, they are not properly subject to consideration on review. See *People v Taylor,* 383 Mich 338, 362; 175 NW2d 715 (1970). Nevertheless, we have considered the articles in order to prevent any injustice.

The general rule in Michigan is that a change of venue will be granted when a community is so aroused that a fair and impartial trial cannot be had. *People v Schneider,* 309 Mich 158, 164; 14 NW2d 819 (1944). Newspaper reports, however, are ordinarily regarded as too unreliable to influence a fair-minded juror when called upon to pass judgment in light of evidence given under oath; and it is a " 'well-settled rule that a juror, although he may have formed an opinion from reading such reports, is competent if he states that he is without prejudice and can try the case impartially according to the evidence, and the court is satisfied that he will do so' ". *Schneider, supra,* p 164, citing *People v Swift,* 172 Mich 473; 138 NW 662 (1912). Indeed, in *People v Hawthorne,* 293 Mich 15; 291 NW 205 (1940), an opened newspaper containing an account of the case was found in the jury room pending trial, and the article was of such a prejudicial nature that its effect could not be cured by court instruction. However, since the trial judge polled the jury and no juror stated that he had read the article, the Supreme Court found no error.

The burden is on the defendant to establish an abuse of discretion in denying a change-of-venue motion by showing that the jurors had preconceived opinions as to his guilt. *People v Marsh,* 108 Mich App 659, 669; 311 NW2d 130 (1981). This burden is not fulfilled by a mere showing of pretrial publicity unless it is also shown that an impartial jury could not be obtained. *Prast, supra,* p 748.

The defendant has not fulfilled his burden on appeal. Only one juror had heard of this case before trial and that juror stated she could be impartial and try the case according to the evidence. Thus, no abuse of discretion resulted in the trial court's decision not to grant a change of venue.

### III

Relying on two opinions of this Court, defendant argues that charging him with felony murder plus the underlying felonies of breaking and entering an occupied dwelling, unarmed robbery, and first-degree criminal sexual conduct violated the double jeopardy provisions of the United States and Michigan Constitutions.

Individuals are constitutionally protected against twice being put in jeopardy for the same offense. US Const, Am V; Const 1963, art 1, § 15. The scope of the law of jeopardy is the same under both the Michigan and the United States Constitutions. *People v Alvin Johnson,* 396 Mich 424, 430, fn 2; 240 NW2d 729, *cert den* 429 US 951; 97 S Ct 370; 50 L Ed 2d 319 (1976). The guarantee consists of three separate constitutional protections. It protects against (1) prosecution for the same offense

after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *North Carolina v Pearce*, 395 US 711, 717; 89 S Ct 2072, 2076; 23 L Ed 2d 656, 664-665 (1969); *Alvin Johnson, supra*, p 430, fn 2.

In the instant case, defendant argues that simply charging and trying him on the charge of felony murder and the lesser included offenses of breaking and entering an occupied dwelling, unarmed robbery, and first-degree criminal sexual conduct violates the double jeopardy protection. These felonies are part of the higher charge of felony murder. See MCL 750.316; MSA 28.548. Proof of any one of these crimes is sufficient to supply the element of premeditation and raise second-degree murder to first-degree. *People v Aaron*, 409 Mich 672, 734; 299 NW2d 304 (1980). It is still necessary, however, for the prosecution to prove the remaining elements of murder after proving an underlying felony in order to sustain a felony-murder verdict. See *Aaron, supra*, p 733. If the prosecution cannot adequately prove all the elements of murder, a conviction on the underlying felony may still result.

If a conviction is returned on a felony-murder charge, a conviction may not also be returned on the underlying felony used to raise the murder to first-degree. *People v Wilder*, 411 Mich 328, 352; 308 NW2d 112 (1981). This is due to the double jeopardy protection against multiple punishments for the same offense. See *Wilder, supra*, p 343. Charging and trying a defendant on both felony murder and the underlying felony, however, does not violate the double jeopardy protections. As long as the jury is not allowed to return guilty

verdicts on both felony murder and the underlying felony, no multiple punishments will result.

As pointed out by defendant on appeal, Judge RILEY of this Court expresses a view contrary to the above analysis. In *People v Allen,* 94 Mich App 539, 545-546; 288 NW2d 451 (1980), *lv den* 411 Mich 1044 (1981), she stated:

"Although the issue is not raised by defendant, on the facts of this case, he has a valid double-jeopardy claim. The double-jeopardy clause ensures that defendants will not be tried twice for the same offense. *North Carolina v Pearce,* 395 US 711-717; 89 S Ct 2072; 23 L Ed 2d 656 (1969). Yet, trying defendant for both felony murder and the lesser included offense of armed robbery twice subjected him to jeopardy on the armed robbery charge."

In *People v Ferrell,* 99 Mich App 609, 612; 299 NW2d 366 (1980) (RILEY, J., *concurring),* she reaffirmed her position "that prosecution for felony murder and armed robbery presents a valid double-jeopardy claim".

If Judge RILEY had said that *convictions* for felony murder and armed robbery present a valid double jeopardy claim, we would agree. Double jeopardy protections are not breached, however, by charging with and trying a defendant for both felony murder and the underlying felony at the same trial. Only convictions and punishments for both offenses are precluded. See *Wilder, supra,* p 352.

If defendant's claim were correct, then presumably no defendant could ever be charged, in the alternative, with a lesser included offense. What is prohibited by law is not charging a defendant in the alternative with different offenses, one of which is the principal charge and others of which

are lesser included offenses, but rather convicting a defendant on more than one of such charges and thus subjecting him to possible double punishment for his single action. In the case at bar, the trial court specifically instructed the jury that if they were to find defendant guilty of first-degree felony murder, they could not also find him guilty of the other three counts. The jury found defendant guilty of only first-degree felony murder. Thus, no violation of the double jeopardy guarantees has occurred.

AFFIRMED.

R. L. TAHVONEN, J., concurred.

R. M. MAHER, J., concurred in the result only.