*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

STANLEY LEWIS GIBBS,

        Defendant-Appellant.

UNPUBLISHED
June 10, 2025
1:47 PM

No.  355399
Genesee Circuit Court
LC No.  80-029659-FC

Before: YATES, P.J., and YOUNG and WALLACE, JJ.

PER CURIAM.

Defendant was 18 years old when he broke into a house and participated in killing the victim. A jury convicted defendant of first-degree felony murder in 1980, and the trial court sentenced him to a mandatory term of life imprisonment without the possibility of parole (LWOP). Because defendant was 18 years old when he committed the offense, his mandatory LWOP sentence is now considered unconstitutional as cruel or unusual punishment under prevailing caselaw, and the prosecution agrees that defendant is entitled to resentencing. See *People v Poole*, ___ Mich ___; ___ NW3d ___ (2025) (Docket No. 166813); slip op at 1; *People v Parks*, 510 Mich 225, 232; 987 NW2d 161 (2022). Therefore, we vacate defendant's sentence and remand for resentencing proceedings pursuant to MCL 769.25a.

## I. FACTS

In the early morning hours of May 17, 1980, defendant and two other people participated in "a brutal and bizarre attack" on an 86-year-old victim in her own home, "where they beat, tortured, and sexually abused her for nearly four hours," and it led to her death two days later. *People v Small*, 120 Mich App 442, 445; 327 NW2d 504 (1982).[1] Defendant and his codefendant were tried together and, while each of them admitted that they were present, both either implicitly

---

[1] Although the details are not important to the issues raised in this appeal, we have reviewed the record and note that this Court's description was very mild.

or explicitly blamed the other for the assault. Defendant argued that he was not competent to stand trial, but the trial court determined that defendant was competent to stand trial after a competency hearing. Nevertheless, defendant argued to the jury that he was "retarded"[2] because he had difficulty reading, had a history of poor academic performance, and was a "follower" to the point of being unable to have the specific intent to commit the charged crimes of his own accord. The jury convicted defendant and his codefendant of first-degree felony murder, and the trial court sentenced each of them to the mandatory term of LWOP. This Court affirmed the convictions in separate appeals. *Small*, 120 Mich App at 448; *People v Gibbs*, 120 Mich App 485, 495; 328 NW2d 65 (1982).

When defendant first moved for relief from judgment, he argued that he had severe learning problems in school, had an intelligence quotient (IQ) of 61, was borderline mentally handicapped or mildly "retarded," but, nevertheless, deemed legally sane by the Center for Forensic Psychiatry. He also provided two psychological reports. One stated that his "intellectual functioning appeared to be within the normal range." The other stated that, although defendant had a history of poor performance in school, defendant was being evasive and dishonest about his involvement in the crime, showed no remorse, and was "extremely vague" about his claim of having "mental problems." The trial court denied defendant's motion for relief from judgment.

When defendant again moved for relief from judgment, he reiterated that he had been incompetent to stand trial and that his trial violated his rights. The trial court stated that defendant had admitted that he was found competent to stand trial and, because defendant failed to challenge his competency previously, the trial court was not obligated to address that claim. The trial court recognized that recent caselaw held that a mandatory sentence of LWOP was impermissible for juveniles, but it found that caselaw inapplicable to defendant because, at the time, the caselaw did not yet extend the age to offenders who were 18 years old. The trial court found that defendant had not met the requirements for filing a subsequent motion for relief from judgment. This appeal followed.

## II. STANDARD OF REVIEW

"We review a trial court's decision on a motion for relief from judgment for an abuse of discretion and its findings of facts supporting its decision for clear error." *People v Swain*, 288 Mich App 609, 628; 794 NW2d 92 (2010). Because "a trial court necessarily abuses its discretion when it makes an error of law," appellate review of a trial court's discretionary decision that was based on a legal determination is "effectively" de novo. *Milne v Robinson*, 513 Mich 1, 7-8; 6 NW3d 40 (2024) (quotation marks, brackets, and citation omitted). This Court reviews de novo questions of constitutional law. *Parks*, 510 Mich at 245.

---

[2] Defendant continued to use this word in some of his later filings, and some older caselaw also uses this word, but the term "mental retardation" has generally been replaced by "intellectual disability." *People v Bennett*, 335 Mich App 409, 414 n 1; 966 NW2d 768 (2021); see also *Hall v Florida*, 572 US 701, 704-705; 134 S Ct 1986; 188 L Ed 2d 1007 (2014).

### III.  LWOP FOR 18-YEAR-OLD OFFENDERS

A defendant may only file a successive motion for relief from judgment if, in relevant part, there is a retroactive change in the law.  MCR 6.502(G)(2)(a); *Swain*, 288 Mich App at 632-633. After the trial court denied defendant's 2017 successive motion for relief from judgment, our Supreme Court decided *Parks*, 510 Mich 225.  In *Parks*, our Supreme Court held that, under Michigan's Constitution, 18-year-old offenders could not be given a *mandatory* sentence of LWOP, and any 18-year-old who was given such a sentence was entitled to resentencing.  *Id*. at 266-267.  Further, those defendants may not be resentenced to LWOP except under the procedures already in place for juveniles.  *Id*. at 268.  Thereafter, our Supreme Court held in *Poole*, ___ Mich at ___; slip op at 17, that "the *Parks* holding is retroactive under a state retroactivity analysis." Clearly, these cases were not decided when defendant filed his successive motion for relief from judgment, but his motion did cite to relevant cases from the United States Supreme Court that had been decided after his first motion for relief from judgment, e.g., *Miller v Alabama*, 567 US 460; 132 S Ct 2455; 183 L Ed 2d 407 (2012), and *Roper v Simmons*, 543 US 551; 125 S Ct 1183; 161 L Ed 2d 1 (2005).  This was sufficient to permit defendant to file his successive motion for relief from judgment.  See *People v Stovall*, 510 Mich 301, 310-311; 987 NW2d 85 (2022) (A "retroactive change in law must only serve as a 'foundation' or 'base' for a defendant's claim to overcome the procedural bar in MCR 6.502(G)(2).").  The prosecution agrees and states in its supplemental brief on appeal that "the People have no objection to this Court remanding the case for resentencing."

It is undisputed that defendant was 18 years old when he committed the offense at issue, and the trial court imposed a mandatory LWOP sentence.  Therefore, defendant is entitled to have his mandatory LWOP sentence vacated and to resentencing proceedings under MCL 769.25a.  See *Poole*, ___ Mich at ___; slip op at 1, 3 n 1, 17.

Defendant also argues on appeal that he is exempt from being sentenced to LWOP upon resentencing because he is intellectually disabled.  However, as argued by the prosecution in its supplemental brief on appeal, that matter is premature.  Thus, we decline to address it.  As stated by our Supreme Court in *Poole*, ___ Mich at ___; slip op at 3 n 1, in cases no longer on direct appeal, and in which *Miller*, 567 US 460, applied retroactively, the correct sentencing procedure to follow in resentencing is set forth in MCL 769.25a.  If the prosecution requests the trial court to sentence defendant to LWOP, the prosecution must file a motion to that effect before the resentencing proceeding.  MCL 769.25a(4)(b).  Then a hearing must be conducted and the trial court must "consider the *Miller* factors,[3] any other relevant criteria, and the defendant's record while incarcerated."  *Parks*, 510 Mich at 240-241; see also MCL 769.25a(4)(b).  There is "a rebuttable presumption against life-without-parole sentences for juvenile offenders" that the

---

[3] "These include: (1) chronological age and immaturity, impetuosity, and the failure to appreciate risks and consequences; (2) the offender's family and home environment; (3) circumstances of the offense, including the extent of participation in the criminal conduct and the effect of familial and peer pressures; (4) the effect of the offender's youth on the criminal-justice process, such as the offender's inability to comprehend a plea bargain; and (5) the possibility of rehabilitation."  *Parks*, 510 Mich at 238; citing *Miller*, 567 US at 477-478.

prosecution must overcome by clear and convincing evidence. *Parks*, 510 Mich at 241. The Michigan Constitution is violated only by the *mandatory* imposition of life without the possibility of parole for 18-year-old offenders when the court has not considered the attributes of youth. *Id.* at 266-268. However, if the prosecution does not file a motion seeking a sentence of LWOP, defendant must be sentenced "to a term of imprisonment for which the maximum term shall be 60 years and the minimum term shall be not less than 25 years or more than 40 years." MCL 769.25a(4)(c).

In light of these considerations, as well as the general principle that an appellate court will not consider a constitutional issue that is not necessary to resolve a case, we decline to address defendant's argument that it is unconstitutional to sentence a juvenile with a purported intellectual disability to LWOP. See *People v Riley*, 465 Mich 442, 447; 636 NW2d 514 (2001).

In summary, defendant's mandatory LWOP sentence for first-degree felony murder is vacated, and this matter is remanded for resentencing under MCL 769.25a and consistent with this opinion. We do not retain jurisdiction.

/s/ Christopher P. Yates
/s/ Adrienne N. Young
/s/ Randy J. Wallace