PEOPLE v TROUT

Docket No. 78-936. Submitted October 2, 1979, at Grand Rapids.—
    Decided January 23, 1980.

    Charles M. Trout was convicted of breaking and entering an
    occupied dwelling with intent to commit larceny therein, Cal-
    houn Circuit Court, Paul Nicolich, J. Defendant appeals, alleg-
    ing that the trial court should have instructed the jury on
    three lesser offenses in addition to the three lesser-included
    offenses upon which the court did instruct. *Held:*

      The jury was adequately instructed in light of the evidence
    presented. In addition, the defendant was found guilty of the
    principal offense with which he was charged, even though the
    jury had an opportunity to return a verdict on one of the other
    offenses upon which they were instructed. Failure to instruct
    on additional lesser offenses was not error.

      Affirmed.

CRIMINAL LAW — INSTRUCTIONS TO JURY — LESSER INCLUDED OF-
    FENSES.

    A jury was properly instructed in a case in which the defendant
    was charged with breaking and entering an occupied dwelling
    with intent to commit larceny therein where the trial court
    instructed the jury on three of the possible lesser included
    offenses and the jury convicted the defendant on the principal
    charge; under the circumstances instructions on other possible
    lesser offenses were unnecessary.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James D. Norlander,* Prosecuting Attorney, and *John H. Macfarlane,* Assistant Prosecuting Attorney, for the people.

REFERENCES FOR POINTS IN HEADNOTE
75 Am Jur 2d, Trial § 875 *et seq.*
Construction of statutes or rules making mandatory the use of
    pattern or uniform approval jury instructions. 49 ALR3d 128.

*James Krogsrud,* Assistant State Appellate Defender, for defendant on appeal.

Before: Cynar, P.J., and D. F. Walsh and L. B. Bebeau,* JJ.

Per Curiam. Defendant was charged with breaking and entering an occupied dwelling with the intent to commit the crime of larceny therein, in violation of MCL 750.110; MSA 28.305. The jury found him guilty as charged. He was sentenced to a prison term of 4 to 15 years and appeals as of right.

In addition to instructing the jury on breaking and entering an occupied dwelling with intent to commit the crime of larceny therein, the trial court also instructed the jury regarding three lesser-included offenses: (1) attempted breaking and entering an occupied dwelling with intent to commit larceny; (2) breaking and entering an unoccupied dwelling with intent to commit larceny; and (3) entering without breaking a dwelling house with intent to commit larceny. The defendant contends that the trial court should have given additional instructions to the jury on (1) attempted larceny in a building; (2) attempted breaking and entering an unoccupied dwelling with intent to commit larceny; and (3) attempted entering without breaking a dwelling home with intent to commit larceny. We disagree.

Briefly, the evidence indicated that the complainants left their home to go fishing on a day in May 1977. Although the house windows were open, the doors were closed and screens were in place over the open windows. They returned and

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

found the home disarranged, with certain personal property and money missing. There were no eyewitnesses who could identify defendant Trout as having broken into the complainants' house. However, fingerprints lifted from an inside window frame, the alleged point of entry, matched the test prints of the defendant. The theory of the defense was essentially that the latent fingerprints on that window sill had been left when defendant visited the complainants' residence during a party about ten days prior to the alleged offense.

The facts submitted for the jury's consideration are not complicated. Here, as in many other similar cases involving criminal charges, the complication commences when the trial court considers what instructions are to be given on lesser-included offenses. The judge's decision is usually not easy considering the advocacy involved as well as the availability of time for a judge to make a ruling. Possible confusion is even greater for a jury which is instructed on multiple included offenses in addition to the principal charges. Often, after the instructions are given to the jury, a submission to the jury of the possible verdicts in writing, to be taken into the jury room, provides assistance to them, but this is not always so. We delude ourselves if we expect a jury, unless possessed of divine power, to remember and understand, at a moment's notice, instructions not easily grasped and comprehended by many schooled in the law. Fairness and justice are best served when understandable as well as appropriate instructions are given to a jury in light of the evidence presented in a case.

As stated in *People v Ross,* 73 Mich App 588, 592; 252 NW2d 526 (1977), in language apposite to the case at bar:

"Reversal is not required, however * * * [T]he defendant was convicted of the charged offense even though instructions were given on the two lesser offenses of assault with intent to do great bodily harm less than murder and felonious assault. If the jury had doubts about defendant's guilt of the charged offense but believed him to be guilty of some wrongdoing they could have found him guilty of one of the lesser offenses. They did not do so. We must conclude, therefore, that the jury had no reasonable doubt as to the defendant's guilt of the charged offense."

In accord with *Ross* are *People v Flinnon,* 78 Mich App 380; 260 NW2d 106 (1977), and *People v Richardson,* 77 Mich App 411; 258 NW2d 741 (1977).

The *Ross* case is particularly applicable to this matter where three lesser-included offenses were instructed upon and where defendant requested three additional instructions. Here, the jury had an opportunity to return one of a number of verdicts but returned a verdict of guilty on the principal charge. Appropriate instructions were given to the jury in view of the evidence presented in the case.

The other errors alleged by defendant are found to be without merit.

For these reasons, defendant's conviction is affirmed.

Affirmed.