PEOPLE v CARSON

Docket No. 56592. Submitted February 8, 1982, at Lansing.—Decided April 8, 1982.

Dewey W. Carson was convicted in Bay Circuit Court of two counts of criminal sexual conduct in the third degree. He was also charged in a supplemental information with being a fourth-time habitual offender. Following conviction on the habitual offender charge, defendant was sentenced to 2 concurrent prison terms of 40 to 120 years, Ira W. Butterfield, J. Defendant expressly waived his right to a jury trial on the criminal sexual conduct charges but requested a jury determination of the issues raised by the supplemental information. The request was denied, the court stating that the grant or denial of a jury determination of habitual offender charges was a matter within the trial court's discretion. Defendant appeals, alleging that the trial court erred when it denied him his right to a jury trial on the habitual offender charge. *Held:*

1. Defendant was improperly denied his statutory right to a jury determination of the issues raised by the supplemental information. The trial court erred in ruling that the impaneling of a jury for a determination of the issues raised in the supplemental information was a discretionary matter. The trial court's findings on the supplemental information were vacated and the matter is remanded for resentencing on the criminal sexual conduct convictions. The prosecutor shall have 30 days to inform the trial court of any intent to retry the defendant on the habitual offender charge. Thereafter, if no such notice is given, defendant shall be resentenced on the criminal sexual conduct charges only.

2. Defendant's criminal sexual conduct convictions are affirmed. His habitual offender conviction is reversed and the matter remanded for resentencing or retrial on a supplemental information.

Affirmed in part, reversed in part, and remanded.

REFERENCE FOR POINTS IN HEADNOTE
39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 5.

CRIMINAL LAW — HABITUAL OFFENDERS — JURY TRIAL.
>   A defendant has a statutory right to a jury determination of the
>   issues raised in a supplemental information charging him with
>   being an habitual offender (MCL 769.13; MSA 28.1085).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Thomas J. Rasdale,* Assistant Prosecuting Attorney, for the people.

*Peter C. Jensen,* for defendant on appeal.

Before: DANHOF, C.J., and M. F. CAVANAGH and D. F. WALSH, JJ.

PER CURIAM. Defendant, Dewey William Carson, was convicted of two counts of third-degree criminal sexual conduct. MCL 750.520d; MSA 28.788(4). The charges arose out of two incidents of sexual intercourse between defendant and a 14-year-old girl. Defendant was also charged, in a supplemental information, with being a habitual (fourth) offender. MCL 769.12; MSA 28.1084. He was convicted on the supplemental information and sentenced to 2 concurrent prison terms of 40 to 120 years. On appeal, defendant alleges that the trial court erred when it denied him his right to a jury trial on the habitual offender charge.

Prior to trial on the criminal sexual conduct charges, defendant waived his right to a jury trial on each of those charges. The waivers were made in open court and were accompanied by written waivers. The record unequivocally indicates that the waivers referred solely to the two criminal sexual conduct charges. There was no mention in open court, or in the written waivers, of the supplemental charge.

After the court found him guilty as charged on the underlying offenses, defendant requested a

jury determination of the issues raised by the supplemental information. At that time, the prosecutor and the trial court agreed that defendant was entitled to the requested jury determination. However, at a subsequent hearing, the court denied defendant's request, stating that the grant or denial thereof was a matter within the court's discretion. Thereafter, the court found that defendant had been previously convicted of four felonies. He was accordingly sentenced to 2 prison terms of 40 to 120 years.

We agree with defendant that he was improperly denied his statutory right to a jury determination of the issues raised by the supplemental information. MCL 769.13; MSA 28.1085 clearly provides for such jury determination. An accused may waive trial by jury on a supplemental information in the manner provided by the code of criminal procedure. MCL 769.13; MSA 28.1085, MCL 763.3; MSA 28.856.[1]

The trial court erred in ruling that the impaneling of a jury for a determination of the issues raised in the supplemental information was a discretionary matter.[2] Because defendant's unequivocal request for such a jury determination was improperly denied, we vacate the trial court's findings on the supplemental information and re-

---

[1] In *People v Marcellis,* 105 Mich App 662; 307 NW2d 402 (1981), this Court found that waiver of jury trial had been ineffective because not made in open court. Because of this fatal defect, the Court did not reach the question of whether a general written waiver on the underlying offense constituted an effective waiver on the supplemental charge. (See Judge ALLEN's dissenting opinion and the majority's agreement with the dissent's jury waiver discussion.) On the facts of the instant case, we hold that there was no waiver of jury determination of the issues raised in the supplemental information.

[2] The cases relied on by the prosecutor are inapposite. The issue here is not whether defendant had the right to a *new* jury when tried on the habitual offender information. That determination is discretionary. *People v Schram,* 98 Mich App 292; 296 NW2d 840 (1980).

mand for resentencing on the criminal sexual conduct convictions. If, however, the prosecutor is persuaded that the ends of justice would be served better by retrial of defendant on the supplemental information, the prosecutor shall so notify the trial court within 30 days of the release date of this opinion and the defendant shall be retried on the issues raised in the supplemental information. In the event the identical supplemental information is refiled by the prosecutor, the two 1971 convictions which arose out of the same transaction shall be considered as one conviction for purposes of the habitual offender determination. See *People v Ross,* 84 Mich App 218; 269 NW2d 532 (1978).[3]

We have reviewed defendant's remaining allegations of error and are not persuaded that they merit discussion.

Defendant's convictions of third-degree criminal sexual conduct are affirmed. His habitual (fourth) offender conviction is reversed and we remand for resentencing or for retrial on a supplemental information consistent with this opinion.

---

[3] In contrast to the situation in *People v Ross,* there was no reversible error in this case by virtue of the inclusion of the two 1971 convictions in the supplemental information. In this case, defendant was determined to have been convicted of four specific previous felonies, including the 1971 convictions. Only three prior convictions are required to support a fourth offender conviction. MCL 769.12; MSA 28.1084.