## PEOPLE v FROST

Docket No. 57769. Submitted May 7, 1982, at Lansing.—Decided
October 7, 1982.

Jeanette Frost was convicted, on her plea of guilty, of larceny in
a building, Genesee Circuit Court, Philip C. Elliott, J. Defen-
dant appeals, alleging that there was an insufficient factual
basis for acceptance of her plea, that the prosecutor abused his
discretion by charging her with larceny in a building rather
than with shoplifting, and that her plea bargain was illusory in
that she relied on the prosecutor's promise not to recommend
consecutive sentencing when, in fact, consecutive sentencing
was not possible. *Held:*

1. The defendant's recitation of the facts established a suffi-
cient basis for the acceptance of her plea.

2. Under the circumstances of this case the prosecutor did
not abuse his discretion in charging the defendant with larceny
in a building rather than shoplifting.

3. At the time of this plea a separate charge of attempted
larceny in a building was pending against the defendant. The
general statute defining a felony as any offense punishable by
imprisonment for more than one year must give way to the
specific provision of the statute on attempts under which at-
tempted larceny in a building is ·a misdemeanor. Because the
pending offense was a misdemeanor, not a felony, consecutive
sentencing was not possible. Therefore, defendant's plea was
induced by an illusory bargain.

Remanded to allow the defendant an opportunity to with-
draw her plea.

1. CRIMINAL LAW — GUILTY PLEAS — FACTUAL BASIS FOR PLEA.

The factual basis for acceptance of a defendant's plea of guilty
was sufficiently established by the defendant's admissions
where, despite the court's admonition to the defendant not to

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 489.
[2] 41 Am Jur 2d, Indictments and Informations § 229.
[3] 50 Am Jur 2d, Larceny § 56.

say she was stealing merchandise from a retail store just because she wanted to plead guilty, the defendant insisted on admitting the requisite intent to steal (GCR 1963, 785.7[3][a]).

2. CRIMINAL LAW — PROSECUTOR'S DISCRETION.

Charging a defendant, who was caught in the act of attempting to walk out of a retail store with a coat concealed under her jacket, with larceny in a building rather than shoplifting was not an abuse of prosecutorial discretion.

3. LARCENY — ATTEMPTS — MISDEMEANORS — STATUTES.

The offense of attempted larceny in a building is a misdemeanor pursuant to the specific classification of such offenses in the statute on attempts, which takes precedence over the general statute defining a felony as an offense punishable by imprisonment for more than one year (MCL 750.92, 750.360, 761.1[g]; MSA 28.287, 28.592, 28.843[g]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*Delores M. Coulter,* for defendant on appeal.

Before: R. M. MAHER, P.J., and BRONSON and R. J. SNOW,* JJ.

PER CURIAM. Defendant pled guilty to larceny in a building, MCL 750.360; MSA 28.592. Sentenced to 26 to 48 months in prison, she appeals as of right, raising three claims of error.

I

Defendant initially contends that there was an insufficient factual basis to support acceptance of her plea. GCR 1963, 785.7(3)(a). The record reflects the following colloquy between the defendant and the court:

* Circuit judge, sitting on the Court of Appeals by assignment.

"*The Court:* How did you steal the coat out of the Woolco store?

"*The Defendant:* I was trying on the coat, and Mr. Bonner was holding my coat, my coat, and he said he was going over in another department, and he laid my coat up over my shoulders, and I went to show my sister. And I had a cigarette in my hand, and the lady that sits at the front desk told me I had to put it out, and then she said I was trying to steal the coat.

"*The Court:* Were you trying to steal the coat?

"*The Defendant:* No, I wasn't.

"*The Court:* Why are you pleading to larceny in a building then?

"*The Defendant:* Because I really don't have no other choice. I am already sentenced.

"*The Court:* I can't accept your plea.

"(Whereupon the defendant Bonner entered the courtroom.)

"Is this Bonner? Okay.

"I guess we will just have to try the case later on. You can't plead guilty if you are not guilty.

"Do you want to change what you had to say?

"*Defendant Frost:* Well, I can say I was trying to.

"*The Court:* Were you trying to steal it or not?

"*Defendant Frost:* Yes, sir.

"*The Court:* Now, really, don't say it just because you want to plead guilty.

"*Defendant Frost:* Yes, sir, I was trying to steal it.

"*The Court:* Had you and Eugene Bonner talked about it beforehand?

"*Defendant Frost:* No.

"*The Court:* So you were wearing the Woolco coat that you hadn't paid for?

"*Defendant Frost:* Uh-huh.

"*The Court:* Underneath your own coat?

"*Defendant Frost:* Yes, sir.

"*The Court:* And you were going outside when they stopped you?

"*Defendant Frost:* Uh-huh.

"*The Court:* And you say that you were trying to get away with that coat without paying for it?

*"Defendant Frost:* Uh-huh."

Despite the trial court's admonition to defendant not to say that she was trying to steal the coat just because she wanted to plead guilty, defendant insisted on admitting the requisite intent. We find the factual basis sufficient under *People v Haack,* 396 Mich 367; 240 NW2d 704 (1976), and accordingly reject this claim of error.

## II

Defendant next contends that the prosecution abused its discretion by charging her with larceny in a building rather than shoplifting. We disagree. Defendant was caught red-handed trying to walk out of a Woolco store with a $34 coat underneath her own jacket. Under the circumstances of this case, we find no abuse of prosecutorial discretion. See *People v Rush,* 118 Mich App 236; 324 NW2d 586 (1982).

## III

Finally, defendant contends that her conviction must be reversed on the ground that her plea bargain was illusory. According to defendant, she pled guilty in reliance on the prosecution's promise not to recommend consecutive sentencing. Defendant also submits that consecutive sentences could not have been imposed, and that therefore her plea was induced by an illusory bargain.

In response, the prosecution insists that the promise not to recommend consecutive sentencing was not part of the agreement, but was a gratuitous, kindly gesture. The record does not support this contention. Both the trial court and defendant

apparently regarded this promise as part of the bargain.

In recognition of the probability that the above claim is not a winning argument, the prosecution also insists that consecutive sentencing was actually possible inasmuch as defendant committed the crime while another felony charge was pending. See MCL 768.7b; MSA 28.1030(2).[1] The pending charge was attempted larceny in a building, MCL 750.92; MSA 28.287, MCL 750.360; MSA 28.592. Larceny in a building is punishable by a term of four years in prison. MCL 750.92; MSA 28.287 provides in part:

"Any person who shall attempt to commit an offense prohibited by law, and in such attempt shall do any act towards the commission of such offense, but shall fail in the perpetration, or shall be intercepted or prevented in the execution of the same, when no express provision is made by law for the punishment of such attempt, shall be punished as follows:

\* \* \*

"3. If the offense so attempted to be committed is punishable by imprisonment in the state prison for a term less than five [5] years, or imprisonment in the

---

[1] MCL 768.7b; MSA 28.1030(2) provides:

"Sec. 7b. When a person, who has been charged with a felony and pending the disposition of the charge, commits a subsequent offense which is a felony, upon conviction of the subsequent offense or acceptance of a plea of guilty, guilty but mentally ill, or nolo contendere for the subsequent offense, the following shall apply:

"(a) The sentences imposed for conviction of the prior charged offense and a subsequent offense, other than a major controlled substance offense, may run consecutively.

"(b) The sentences imposed for conviction of the prior charged offense and a subsequent offense which is a major controlled substance offense shall run consecutively."

We observe that the prosecution has erroneously cited "MSA 28.1082" in support of its contention that consecutive sentencing was possible. We wish to remind the prosecution that it cannot expect this Court to correct the prosecution's faulty research.

county jail or by fine, the offender convicted of such attempt shall be guilty of a *misdemeanor,* punishable by imprisonment in the state prison or reformatory not more than two [2] years or in any county jail not more than one [1] year or by a fine not to exceed one thousand [1,000] dollars * * *." (Emphasis supplied.)

Thus, it is clear that the pending charge—attempted larceny in a building—was a misdemeanor, not a felony. The prosecution cites MCL 761.1(g); MSA 28.843(g) in support of its contention that the pending charge was a felony since it was punishable by imprisonment for over one year.[2] This general definitional section, however, must give way to the attempt statute's (MCL 750.92; MSA 28.287) specific classification of the pending charge as a misdemeanor. See, *e.g., Linski v Employment Security Comm,* 358 Mich 239, 244-245; 99 NW2d 582 (1959):

" 'It is an old and familiar principle, closely related to the rule that where an act contains special provisions they must be read as exceptions to a general provision in a separate earlier or subsequent act, that where there is in the same statute a specific provision, and also a general one which in its most comprehensive sense would include matters embraced in the former, the particular provision must control, and the general provision must be taken to affect only such cases within its general language as are not within the provisions of the particular provision.' 50 Am Jur, Statutes, § 367."

Since the charge pending against defendant was not a felony but a misdemeanor, consecutive sentences could not have been imposed. Hence, her

---

[2] MCL 761.1(g); MSA 28.843(g) provides:

"(g) 'Felony' means a violation of a penal law of this state for which the offender, upon conviction, may be punished by death or by imprisonment for more than 1 year, or an offense expressly designated by law to be a felony."

plea was induced by an illusory bargain, and she must be given an opportunity to withdraw her plea. Accordingly, we remand this case to the trial court in order to afford defendant an opportunity to withdraw her plea; if she fails to do so within a reasonable time, then her conviction is hereby affirmed.

Remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.