PEOPLE v SMALL

Docket No. 55478. Submitted June 2, 1982, at Grand Rapids.—Decided October 18, 1982.

Fletcher D. Small was convicted of felony murder, Genesee Circuit Court, Earl E. Borradaile, J. The defendant appeals, alleging that (1) the trial court erred in submitting tape-recorded instructions to the jury for use in deliberations and part of the instructions were not reproduced on the tape, (2) the trial court erred in denying his motion for a separate trial from a codefendant, (3) the trial court abused its discretion in denying his motion for a change of venue, (4) the trial court erroneously failed to instruct the jury on premeditation, (5) the trial judge erred in stating in his instructions to the jury that the prosecution had introduced evidence of statements that it claimed were made by either one of the defendants, and (6) transcripts of certain pretrial and bench conferences should have been made available to him for his review. *Held:*

1. Error requiring reversal did not result from the trial judge's submitting the tape recording of the instructions to the jury. The defendant was unable to demonstrate any prejudice from the tape-recorded instructions. The unrecorded remarks were only introductory statements made by the trial judge and no error resulted based on their absence.

2. The trial court did not abuse its discretion in denying the defendant's motion for a separate trial because the defendant was unable at the trial to demonstrate any prejudice which would result from a joint trial.

3. The trial court did not abuse its discretion in denying the

REFERENCES FOR POINTS IN HEADNOTES

[1] 75 Am Jur 2d, Trial § 1040.
[2] 75 Am Jur 2d, Trial § 573.
[3] 75 Am Jur 2d, Trial § 17.
[4] 21 Am Jur 2d, Criminal Law § 389.
   Pretrial publicity in criminal case as ground for change of venue. 33 ALR3d 17.
[5] 40 Am Jur 2d, Homicide §§ 72, 454.
[6] 5 Am Jur 2d, Appeal and Error § 891.
[7] 5 Am Jur 2d, Appeal and Error § 700.

defendant's motion for a change of venue. The defendant did not meet his burden of showing that the jurors had any preconceived opinions regarding his guilt.

4. The trial court did not err in failing to instruct the jury on premeditation. Premeditation is not an element of first-degree felony murder. The jury was fully instructed on malice.

5. The defendant failed to show that manifest injustice occurred from the trial judge's giving of the instruction to the jury regarding evidence of statements made by either one of the defendants, since the defendant did not object to the instruction at the trial.

6. The allegation that the defendant is entitled to review transcripts of certain pretrial and bench conferences was abandoned for appeal because the defendant failed to cite authority for his claim.

Affirmed.

1. JURY — JURY INSTRUCTIONS — TAPE RECORDINGS.

Error did not result where a trial judge contemporaneously tape-recorded his instructions to the jury and submitted the tape to the jury and part of the instructions were not reproduced on the tape where the instructions were complicated and lengthy and the defendant did not demonstrate any prejudice from the tape-recorded instructions and the original oral instructions were proper.

2. JURY — JURY INSTRUCTIONS — FUNCTIONS.

It is the function of a court to inform the jury of the law by which its verdict must be controlled; the purpose of instructions is to enable the jury to understand and apply the law to the facts of the case.

3. CRIMINAL LAW — JOINT TRIALS.

Joinder of criminal defendants for trial is usually within the discretion of the trial court; the general rule is that a defendant does not have a right to a separate trial; a defendant in a criminal case must show that his substantial rights will be prejudiced by a joint trial in order to support a motion for a separate trial (MCL 768.5; MSA 28.1028).

4. CRIMINAL LAW — VENUE — PRETRIAL PUBLICITY.

The grant or denial of a motion for a change of venue is within the discretion of the trial court and on appeal the decision of the trial court will not be overturned absent a clear abuse of discretion; the burden of proof rests on the defendant to show

that the jurors have preconceived opinions as to his guilt (MCL 762.7; MSA 28.850).

5. HOMICIDE — FELONY MURDER — ELEMENTS.

The statute on felony murder requires the prosecution to establish that a homicide occurred, that the homicide is murder, and that the murder occurred in the perpetration or attempt to perpetrate one of the enumerated felonies; it is essential to show that there was in fact a murder and, once that has been proved beyond a reasonable doubt, the statute frees the prosecution from the burden of showing premeditation, deliberation, and wilfulness; premeditation is not an element of felony murder (MCL 750.316; MSA 28.548).

6. APPEAL — JURY INSTRUCTIONS — COURT RULES.

The Court of Appeals should not consider a party's claim that error occurred in the giving of an instruction to the jury unless the party claiming error specifically objected to the instruction before the jury retired to consider a verdict, absent manifest injustice (GCR 1963, 516.2).

7. APPEAL — ISSUES ON APPEAL — CITATION OF AUTHORITY.

A statement of position without supporting citations is insufficient to bring an issue before the Court of Appeals; a party should not leave it to the Court to search for authority to sustain or reject its position.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Edwin R. Brown,* Assistant Prosecuting Attorney, for the people.

*Carl H. Leiter,* for defendant on appeal.

Before: R. B. BURNS, P.J., and MACKENZIE and L. C. ROOT,* JJ.

R. B. BURNS, P.J. Defendant was charged, together with two other men, with committing first-degree felony murder, MCL 750.316; MSA 28.548, first-degree criminal sexual conduct, MCL

* Circuit judge, sitting on the Court of Appeals by assignment.

750.520b(1)(d); MSA 28.788(2)(1)(d), unarmed robbery, MCL 750.530; MSA 28.798, and breaking and entering an occupied dwelling with intent to commit a felony, MCL 750.110; MSA 28.305. Defendant and a codefendant were convicted of first-degree felony murder following a jury trial. The third individual was tried separately and convicted of felony murder.

Defendant's conviction arose out of a brutal and bizarre attack on an 86-year-old woman. Defendant and his companions entered the victim's home before 1 a.m. on May 17, 1980, where they beat, tortured, and sexually abused her for nearly four hours. Two days later the victim died. Defendant raises five issues on appeal, none of which merit reversal.

Defendant first claims that the trial court erred when it submitted tape-recorded instructions to the jury for use in deliberations and that part of the instructions were not reproduced on the tape. The propriety of submitted tape-recorded instructions to the jury is a novel question before this Court. However, in *Wagner v State,* 76 Wis 2d 30; 250 NW2d 331 (1977), the Supreme Court of Wisconsin upheld a trial court's contemporaneous tape-recording of the jury charge for the jury's use in the jury room over the defendant's objection. We agree with the Supreme Court of Wisconsin that such a practice is not to be encouraged, but that it did not constitute reversible error. The better practice, if the trial court is faced with voluminous instructions and considers it too burdensome to repeat them, would be to contemporaneously tape-record the instructions when given in open court, then call the jury back into the courtroom to replay the instructions if the court deems it necessary. This practice would provide a record

of the specific purpose to which the tape recordings were applied.

Defendant claims that different portions of the charge may be emphasized in the jurors' minds, and that the requirement that they consider the charge as a whole is not met when the jury may play back portions of the instructions in the jury room. However, a reasonable analogy can be made to written instructions, which certainly pose the same potential problem. In *People v Medrano,* 101 Mich App 577, 583-584; 300 NW2d 636 (1980), we found no error in the trial court's use of written instructions where the defendant made no showing that the original oral instructions were faulty. In the instant case, defendant is unable to demonstrate any prejudice from the tape-recorded instructions. Therefore, no error can be found.

Regarding the alleged missing portions of the tape, the record reflects that the unrecorded remarks were only introductory statements made by the trial judge. The purpose of instructions is to enable the jury to understand and apply the law to the facts of the case. *People v Lambert,* 395 Mich 296, 304; 235 NW2d 338 (1975), *People v Rone (On Second Remand),* 109 Mich App 702, 712; 311 NW2d 835 (1981). The judge's introductory remarks, therefore, were not crucial, and no error resulted based on their absence.

Defendant next claims that the trial court erroneously denied his motion for a separate trial. The decision to grant or deny such a motion is vested by statute in the trial court's discretion. MCL 768.5; MSA 28.1028. A defendant must affirmatively show inconsistencies or antagonism between the codefendants' defenses. *People v Hurst,* 396 Mich 1; 238 NW2d 6 (1976); *People v Gunter,* 76 Mich App 483; 257 NW2d 133 (1977). We find no

abuse of discretion here, especially because defendant was unable at trial to demonstrate any prejudice which would result from a joint trial. *People v Kramer*, 108 Mich App 240, 256; 310 NW2d 347 (1981).

Defendant next claims that the trial court abused its discretion in denying his motion for a change of venue. Statutory authority provides for such a change, MCL 762.7; MSA 28.850, but the decision of the trial court will not be overruled on appeal absent a clear abuse of discretion. *People v Prast*, 105 Mich App 744, 747; 307 NW2d 719 (1981). Defendant cannot meet his burden of showing that the jurors had any preconceived opinions regarding his guilt. *People v Marsh*, 108 Mich App 659, 669; 311 NW2d 130 (1981). Thus, no abuse of discretion is evident.

Defendant also alleges that the trial court failed to instruct the jury on premeditation. However, premeditation is not an element of first-degree felony murder. MCL 750.316; MSA 28.548. The statute operates to elevate all murders committed in the perpetration or attempted perpetration of an enumerated felony to first-degree murder. *People v Aaron*, 409 Mich 672, 734; 299 NW2d 304 (1980). Defendant need only have acted with malice, defined as an intent to inflict great bodily harm or acting with wanton and willful disregard of the likelihood that his behavior is likely to cause death or great bodily harm. *Aaron, supra,* 733. Thus, no premeditation is necessary. Accord, *People v Wimbush*, 45 Mich App 42, 47; 205 NW2d 890 (1973), *lv den* 390 Mich 770 (1973). The jury was fully instructed on malice, so there is no merit in this issue.

Next defendant claims reversible error occurred when the judge stated that "the prosecution has

introduced evidence of statements it claims were made by either one of the defendants". No objection was made to this instruction at the trial. Thus, review is precluded absent manifest injustice. GCR 1963, 516.2; *People v Anglin,* 111 Mich App 268, 285; 314 NW2d 581 (1981). Defendant has failed on appeal to show a manifest injustice in the giving of that instruction. Thus, no relief can be granted on the basis of this issue.

Finally, defendant cites no authority for his claim that transcripts of certain pretrial and bench conferences must be made available for his review. This issue is therefore abandoned. *People v Slager,* 105 Mich App 593, 600; 307 NW2d 376 (1981).

Affirmed.