PEOPLE v CAVANAUGH

Docket No. 61964. Submitted February 4, 1983, at Lansing.—Decided
    August 1, 1983.

Francis E. Cavanaugh was convicted of attempted breaking and
    entering an occupied dwelling and of being a fourth felony
    offender, Livingston Circuit Court, Bert M. Hensick, J. The
    defendant appealed alleging that (1) the trial judge erred in
    refusing to instruct the jury on either larceny in a building or
    attempted larceny in a building, (2) the trial court erred in tape
    recording all of the instructions to the jury and in sending the
    tape recording to the jury during its deliberations, (3) the court
    improperly imposed an order of deliberation on the jury by the
    language of the verdict card, and (4) he should only have been
    charged as a second felony offender. *Held:*

    1. A trial court must always give an instruction for a neces-
    sarily lesser included offense and must give an instruction for a
    cognate lesser included offense if the evidence would support
    such a conviction. Larceny in a building is a cognate lesser
    included offense of breaking and entering with intent to com-
    mit larceny. Attempted larceny in a building is a necessarily
    lesser included offense of breaking and entering with intent to
    commit larceny. Since it is a necessarily lesser included offense
    the trial court was bound to give an instruction on attempted
    larceny in a building without looking at the evidence. The error

REFERENCES FOR POINTS IN HEADNOTES

[1, 5, 6] 75 Am Jur 2d, Trial §§ 876-882.

[2] 50 Am Jur 2d, Larceny § 9.

[3, 4] 50 Am Jur 2d, Larceny § 56.

[4] 13 Am Jur 2d, Burglary § 24.
    50 Am Jur 2d, Larceny § 35 *et seq.*

[7] 75 Am Jur 2d, Trial § 1001.

[8] 75 Am Jur 2d, Trial § 883.

[9] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 6 *et
    seq.*
    Chronological or procedural sequence of former convictions as
    affecting enhancement of penalty for subsequent offense under
    habitual criminal statutes. 24 ALR2d 1247.

[10] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders
    § 15.

was not harmless. The jury did not reject the defendant's theory that he did not enter the building or make findings of fact implicit in the verdict which would preclude conviction on the charge for which the instructions were refused. The defendant was denied a fair trial.

2. When the jury is cautioned to consider the instructions as a whole and the jury charge is accurate and complete, reversal solely because a taped or written charge was provided to the jury is not warranted. However, the procedure of tape-recording instructions and giving the tape recording to the jury during its deliberations should not be followed.

3. The order of offenses listed on the verdict card did not violate the defendant's presumption of innocence. At most, the verdict card, taken along with the jury instructions, suggested an order of consideration for the jury. That is not error.

4. The defendant's first two prior convictions, although obtained on the same day, arose from separate transactions at different times and places and were provable through different testimony. They both could properly be used in an habitual offender information. The third prior conviction could also be properly used as the basis for an habitual offender charge because an offense is a felony for purposes of the habitual felony offender statutes, despite its express designation as a misdemeanor, where the potential penalty includes imprisonment for more than one year.

Reversed and remanded with instructions.

1. CRIMINAL LAW — LESSER INCLUDED OFFENSES — JURY INSTRUCTIONS.

A trial court must always give an instruction to the jury for a necessarily lesser included offense and must give an instruction for a cognate lesser included offense if the evidence would support such a conviction.

2. LARCENY — LARCENY IN A BUILDING — BREAKING AND ENTERING.

Larceny in a building is a cognate lesser included offense of breaking and entering with intent to commit larceny; the elements of larceny in a building are: (1) an actual or constructive taking; (2) an asportation; (3) with a felonious intent; (4) of someone else's property; (5) without that person's consent; (6) in a building (MCL 750.360; MSA 28.592).

3. LARCENY — LARCENY IN A BUILDING — ABANDONMENT OF ATTEMPT.

Removal of property is not an element of the crime of larceny in a building; that crime is complete as soon as there is the slightest taking of property with the intent to steal it, and

abandonment of the attempt to remove goods from a store is not a defense (MCL 750.360; MSA 28.592).

4. LARCENY — ATTEMPT — LESSER INCLUDED OFFENSES — BREAKING AND ENTERING.

Attempted larceny in a building is a necessarily included offense to a charge of breaking and entering with intent to commit larceny.

5. JURY — JURY INSTRUCTIONS — LESSER INCLUDED OFFENSES.

A trial court's error in failing to give an instruction to the jury for a lesser included offense may be harmless in a case where it is clear that the jury was presented with a lesser offense or offenses consistent with the defendant's theory which was rejected and made findings of fact implicit in the verdict which would preclude conviction of the charge upon which an instruction was refused, or where the differences between the various offenses concern factual elements and not the state of mind of the defendant.

6. CRIMINAL LAW — LESSER INCLUDED OFFENSES.

The fact that the evidence in a criminal trial would support conviction of the greater charged offense does not preclude the court's giving instructions to the jury on lesser included offenses.

7. TRIAL — JURY INSTRUCTIONS — WRITTEN INSTRUCTIONS.

Reversal of a defendant's conviction solely because taped or written instructions were provided to the jury is not warranted where the jury was cautioned to consider the charge as a whole and the jury charge was accurate and complete.

8. TRIAL — JURY INSTRUCTIONS — VERDICT CARDS.

Error requiring reversal did not occur where a verdict card taken along with the jury instructions merely suggested an order of consideration for the charged offense and various lesser included offenses.

9. CRIMINAL LAW — HABITUAL CRIMINALS — PRIOR CONVICTIONS.

Separate convictions arising out of separate transactions occurring at different times and places may properly result in sentence enhancement under the habitual offender statute even though the convictions were obtained on the same day.

10. CRIMINAL LAW — "FELONY" — HABITUAL CRIMINALS.

"Felony", as used in the code of criminal procedure, means an offense for which the offender, upon conviction, may be pun-

ished by death or by imprisonment by more than one year or an offense expressly designated to be a felony; an offense is a felony for purposes of the habitual felony offender statutes despite its express designation as a misdemeanor where the potential penalty includes imprisonment for more than one year.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Frank R. Del Vero,* Prosecuting Attorney, for the people.

*Reck, Reck & Ashley, P.C.* (by *Susan L. Reck),* for defendant.

Before: T. M. BURNS, P.J., and ALLEN and CY- NAR, JJ.

T. M. BURNS, P.J. On December 3, 1981, defen- dant was convicted of attempted breaking and entering an unoccupied dwelling, MCL 750.110, 750.92; MSA 28.305, 28.287, and of being a fourth- time felony offender, MCL 769.12; MSA 28.1084, and was subsequently sentenced to from 3 to 15 years imprisonment. He appeals as of right.

During the early morning hours of August 5, 1981, two Michigan State Police Troopers and two Brighton City Police Officers received a report that a sporting goods store was being burglarized. After they arrived, they saw someone behind the store, running away from them. After a short chase, they caught the defendant. A door to the sporting goods store was standing open and both a nitrogen bottle and a motorcycle had been moved from their places. Nothing, however, was taken. Some- time previously, defendant had worked at the store.

Defendant testified, on the other hand, that he had been hitchhiking that night when a car passed and some teenage boys had spit at him. After

defendant responded with an obscene gesture, the car stopped and the teenagers started chasing defendant. He then hid behind the sporting goods store. However, the police arrived immediately and arrested him.

Defendant was originally charged with breaking and entering an unoccupied dwelling with intent to commit larceny. MCL 750.110; MSA 28.305. In addition to charging the jury on both breaking and entering and attempted breaking and entering, the trial judge instructed the jury on entering without breaking. MCL 750.111; MSA 28.306. However, he refused to instruct the jury on either larceny in a building, MCL 750.360; MSA 28.592, or attempted larceny in a building. Defendant now claims that this refusal was erroneous.

We agree. In *People v Ora Jones,* 395 Mich 379, 390; 236 NW2d 461 (1975), the Supreme Court ruled that: "If evidence has been presented which would support a conviction of a lesser included offense, refusal to give a requested instruction is reversible error." The trial court must always give an instruction for a necessarily lesser included offense and must give an instruction for a cognate lesser included offense if the evidence would support such a conviction. *Id.*

Larceny in a building is a cognate lesser included offense of breaking and entering with intent to commit larceny. *People v Brager,* 406 Mich 1004; 280 NW2d 826 (1979). The elements of larceny in a building are: 1) an actual or constructive taking, 2) an asportation, 3) with a felonious intent, 4) of someone else's property, 5) without that person's consent, 6) in a building. *People v Phebus,* 116 Mich App 416; 323 NW2d 423 (1982); *People v Wilbourne,* 44 Mich App 376, 378; 205 NW2d 250 (1973). In the present case, all six elements were

shown. The sporting goods store is a building; the store's owner testified that not only did he not give anyone his consent to take anything but the property in the store was his. As such, the felonious intent can be inferred. The evidence also shows that a motorcycle was moved. Moving it supplied both the actual taking and the asportation elements. A person need not remove the item from the building to be guilty of this offense. *People v Fisher,* 32 Mich App 28, 32-33; 188 NW2d 75 (1971). Abandoning the property is not a defense. *People v Bradovich,* 305 Mich 329; 9 NW2d 560 (1943); *People v Patricia Williams,* 63 Mich App 531; 234 NW2d 689 (1975). Therefore, if defendant had originally been charged with and then convicted of larceny in a building, the evidence would have been sufficient to convict.

On the other hand, attempted larceny in a building is a necessarily lesser included offense of breaking and entering with intent to commit larceny. *People v Page,* 73 Mich App 667; 252 NW2d 239 (1977). As such:

"The elements of attempted larceny in a building are: (1) felonious intent to commit a larceny; and (2) an overt act of going beyond mere preparation.

"Analyzing the elements, the felonious intent is the same, and the overt act can be the breaking and entering. The greater offense is completed upon the breaking and entering, while the lesser upon an overt act." *People v Keatts,* 54 Mich App 618, 623; 221 NW2d 455 (1974) (Bashara, P.J., *dissenting), rev'd* 396 Mich 803; 237 NW2d 474 (1976).[1]

---

[1] We do not understand that *People v Robert Brown,* 72 Mich App 749; 250 NW2d 522 (1976), concluded that attempted larceny in a building is not a lesser included offense of breaking and entering with intent to commit larceny. However, we choose to follow *Page* instead. *People v Keatts,* 396 Mich 803; 237 NW2d 474 (1976). Furthermore, the *Robert Brown* opinion also concluded that larceny in a building is not a lesser included offense of breaking and entering with intent to

Since it is a necessarily lesser included offense, the trial court was bound to give it without looking at the evidence. *Ora Jones, supra,* 395 Mich 390; *People v Wilkinson,* 76 Mich App 109; 256 NW2d 48 (1977).

Therefore, the issue is whether or not the failure to give the requested instructions for larceny in a building and for attempted larceny in a building is reversible rather than harmless error. We will analyze only the attempted larceny in a building question in this case.

The case closest to the present is *People v Trout,* 95 Mich App 163; 290 NW2d 109 (1980). The defendant was charged with and convicted of breaking and entering an occupied dwelling. The trial court gave additional instructions for attempted breaking and entering, breaking and entering an unoccupied dwelling, and entering without breaking. However, it refused to give instructions for attempted larceny in a building, attempted breaking and entering an unoccupied dwelling, and attempted entering without breaking. Relying on *People v Herbert Ross,* 73 Mich App 588; 252 NW2d 526 (1977), this Court found harmless error. In *Herbert Ross,* this Court had ruled:

"If the jury had doubts about defendant's guilt of the charged offense but believed him to be guilty of some wrongdoing they could have found him guilty of one of the lesser offenses. They did not do so. We must conclude, therefore, that the jury had no reasonable doubt as to the defendant's guilt of the charged offense." 73 Mich App 592.

See also *People v Meyers (On Remand),* 124 Mich

commit larceny. This holding was overruled in *Brager, supra,* and *People v Kamin,* 405 Mich 482, 496; 275 NW2d 777 (1979).

App 148; 335 NW2d 189 (1983); *People v Flinnon,*
78 Mich App 380; 260 NW2d 106 (1977).

A few months after *Trout* was released, the
Supreme Court decided *People v Richardson,* 409
Mich 126; 293 NW2d 332 (1980).[2] There, the defen-
dant was charged with and convicted of first-de-
gree murder. The trial court had instructed addi-
tionally on second-degree murder and voluntary
manslaughter but had refused to instruct on the
reckless use of a firearm or on involuntary man-
slaughter. Defendant testified that the gun had
discharged accidentally. The Supreme Court re-
versed finding that, even though defendant
claimed that he was not guilty of any crime, the
failure to give the two requested instructions fore-
closed from the jury the option of convicting him
according to his own testimony.

Recently in *People v Rochowiak,* 416 Mich 235;
330 NW2d 669 (1982), the defendant was tried and
convicted of second-degree murder. Although the
trial court gave an additional instruction for invol-
untary manslaughter, it refused to instruct for
careless, reckless or negligent use of a firearm
resulting in injury or death. In a 3 to 2 decision,[3]
the Supreme Court reversed:

"While the arguments that it is highly unlikely that
the jury would have convicted of reckless use and that
Rochowiak's theory of the case was presented to and
rejected by the jury are most compelling, we are per-
suaded that had the jury been instructed on reckless
use, in addition to involuntary manslaughter, it might
have better understood Rochowiak's theory. and have

---

[2] Although the Court in *Richardson, supra,* found that the failure to
instruct the jury on two lesser offenses was reversible error, we
believe that *Trout, supra,* is distinguishable and our opinion in no
way questions the continuing validity of *Trout.*

[3] Actually, only two Justices endorsed the reasoning of the majority
opinion.

returned a verdict of guilty of involuntary manslaughter." 416 Mich 247.

The Supreme Court then established the following test for whether or not the failure to give an instruction for lesser included offenses is harmless:

"The error may indeed be harmless in a case where it is clear that the jury was presented with a lesser offense or offenses consistent with the defendant's theory which was rejected, and made findings of fact, implicit in the verdict, which would preclude conviction of the charge upon which an instruction was refused, or where the differences between the various offenses concern factual elements, the existence of a weapon (armed or non-armed), the completion of the offense (attempt), the use of force (larceny or robbery) and not the state of mind of the defendant (murder, manslaughter, reckless use, assault with intent to murder, with intent to commit great bodily harm less than murder, felonious assault)." 416 Mich 248-249.

After reviewing both this Court's and the Supreme Court's decisions in this area, we find that the failure to give these instructions in fact prejudiced defendant. First, defendant was not convicted of the charged offense, breaking and entering, but instead of attempted breaking and entering, a five-year felony. It too strongly strains the cognate-lesser-included-offense doctrine to say that entering without breaking is in fact a lesser included offense of attempted breaking and entering. The jury was not really given a choice between the offense convicted of and the lesser included offenses for which instructions were denied. Therefore, we cannot say that the jury could have compromised on a lesser included offense if it had had any doubts about defendant's guilt. In fact, after looking at the evidence in this case, the jury

clearly compromised as it is. Second, defendant argued that he never entered the building.[4] Only two of the five requested instructions fit this version—attempted breaking and entering and attempted larceny in a building. In *People v Chamblis,* 395 Mich 408, 423; 236 NW2d 473 (1975), the Supreme Court stated: "The fact that the evidence would also support conviction of the greater charged offense would not preclude the giving of the lesser included offense instructions." In other words, the jury, the conscience of the community, may convict of the lesser offense even if the evidence more clearly shows that the defendant should instead be convicted of the charged offense. In *People v Marshall,* 115 Mich App 433; 320 NW2d 396 (1982), and in *People v Baker #2,* 103 Mich App 704; 304 NW2d 262 (1981), *held in abeyance* 412 Mich 859 (1982), this Court found harmless error where each trial court had instructed for an offense compatible with each defendant's theory of defense and degree of culpability. In the present case, the jury did not reject any such offense. We conclude that defendant was denied a fair trial.

Defendant next argues that he was also denied a fair trial when the trial court tape-recorded all of the jury instructions and sent the tape for the jury during deliberations. In *People v Medrano,* 101 Mich App 577; 300 NW2d 636 (1980), this Court affirmed where the trial court had sent a written copy of the instructions for the jury during deliberations. After it noted that the majority of jurisdictions[5] allow such a practice, it cautioned against

[4] He actually testified that he was not guilty of any of the charged offenses. But he clearly claimed that he never entered the building. Accordingly, this case is analogous to *Richardson, supra.*

[5] See Anno: *Propriety and prejudicial effect of sending written instructions with retiring jury in criminal case,* 91 ALR3d 382 (1979). *Contra, Cornett v State,* 436 NE2d 765 (Ind, 1982).

its use because the Supreme Court has not yet sanctioned it. But it affirmed because it failed to find prejudice in that particular case.

In *People v Small,* 120 Mich App 442; 327 NW2d 504 (1982), this Court affirmed where the trial court sent a taped copy of the instructions for the jury during deliberations. The same result was reached in *United States v Braverman,* 552 F2d 218 (CA 7, 1975), *cert den* 423 US 985; 96 S Ct 392; 46 L Ed 2d 302 (1975); *United States v Homan,* 680 F2d 1340 (CA 11, 1982); and *United States v Watson,* 669 F2d 1374, 1386 (CA 11, 1982): "When the jury is cautioned to consider the charge as a whole and the jury charge is accurate and complete, reversal solely because a taped or a written charge was provided to the jury is not warranted."[6]

Although we are following these decisions, we, like they, caution against using this procedure before the Supreme Court specifically allows it. In *Medrano,* this Court noted:

"The usefulness of written instructions is obvious. Even in simple cases, instructions tend to be long and complex, and it may be unreasonable to expect oral instructions to be fully remembered. Access to written instructions could promote jury efficiency by saving the time spent in recollection and debate over what the instructions were. * * * On the other hand, it is conceivable that written instructions might needlessly prolong deliberations. Jurors could endlessly reread a charge, debating real or imagined legal distinctions. Access could also cause undue weight to be given to particular portions of a charge." 101 Mich App 584.

---

[6] In the present case, the trial court instructed:

"You should consider all the instructions as a connected series, which together form the law you are to follow, and should not pick out one or some instructions and disregard the others."

These potential problems are more prevalent when using a tape recording. When using written instructions, the jury can receive a visual overview. Of course, this is impossible with a tape recording. The jury could very easily listen to only part of the instructions and unduly emphasize some part of the instructions. Therefore, we join *Medrano* and *Small* in recommending that this procedure not be followed:

"The better practice, if the trial court is faced with voluminous instructions and considers it too burdensome to repeat them, would be to contemporaneously tape-record the instructions when given in open court, then call the jury back into the courtroom to replay the instructions if the court deems it necessary. This practice would provide a record of the specific purpose to which the tape recordings were applied." *Small,* 120 Mich App 445-446.

Defendant next argues that the verdict card improperly imposed an order of deliberation on the jury and therefore violated his presumption of innocence. The verdict card first listed the breaking and entering charge, then attempted breaking and entering, then breaking without entering, and last not guilty. However, we cannot believe that the order violated defendant's presumption of innocence. At most, the verdict card, taken along with the jury instructions, suggested an order of consideration. This is not error. *People v Handley,* 415 Mich 356; 329 NW2d 710 (1982).[7]

Defendant last argues that he should have been charged as a second-felony offender rather than as a fourth-felony offender.

The first two prior convictions were for two

[7] We also note that the trial court did instruct on the presumption of innocence.

breaking and enterings; both occurred on October 28, 1978. Defendant claims that, because both of these breaking and enterings were from the same criminal spree, they grew out of the same transaction. A defendant may not be convicted as a third-felony offender if the two previous convictions involved one time, place, and subject and required the same evidence to convict of both. *People v Lowenstein,* 309 Mich 94, 100-101; 14 NW2d 794 (1944); *People v Carson,* 115 Mich App 202, 205; 320 NW2d 343 (1982); *People v Ross,* 84 Mich App 218; 269 NW2d 532 (1978). However, in the present case, as in *People v Sears,* 124 Mich App 735; 336 NW2d 210 (1983), and in *People v Chaplin,* 102 Mich App 748; 302 NW2d 569 (1980), *rev'd on other grounds* 412 Mich 219; 313 NW2d 899 (1981), the two prior convictions, although obtained on the same day, arose from separate transactions at different times and places and were provable through different testimony. They both could properly be used in a habitual offender information.

Defendant also contends that the third prior conviction should not have been used because it was merely a two-year misdemeanor. However, this issue has been decided against defendant. *People v Rice,* 101 Mich App 1; 300 NW2d 428 (1980), *rev'd on other grounds* 411 Mich 883; 306 NW2d 102 (1981); *People v Davis,* 89 Mich App 588; 280 NW2d 604 (1979).

Pursuant to *People v Jenkins,* 395 Mich 440; 236 NW2d 503 (1975), defendant's convictions for attempted breaking and entering with intent to commit larceny and fourth-felony offender are vacated and this case is remanded with instructions to enter convictions for attempted larceny in a building and fourth-felony offender.[8] If the prose-

---

[8] Even though attempted larceny is a two-year misdemeanor, *People*

cutor is persuaded that the ends of justice would be better served, the trial court, if notified before sentencing, shall vacate the attempted larceny and fourth-felony offender convictions, and grant a new trial on the attempted breaking and entering and fourth-felony-offender charges.

Reversed and remanded with instructions to proceed according to this opinion.

*v Frost,* 120 Mich App 328; 328 NW2d 44 (1982), we do not need to vacate the conviction as a habitual criminal. *People v Rosecrants,* 88 Mich App 667; 278 NW2d 713 (1979).