# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

GLEN LAMARE RANKINS,

        Defendant-Appellant.

UNPUBLISHED
April 26, 2016

No. 325567
Wayne Circuit Court
LC No. 14-005194-FC

Before: JANSEN, P.J., and SERVITTO and M. J. KELLY, JJ.

PER CURIAM.

Defendant, Glen Lamare Rankins, appeals by right his jury convictions of unarmed robbery, MCL 750.530, and larceny in a building, MCL 750.360. The trial court sentenced Rankins as a fourth habitual offender, MCL 769.12, to serve concurrent terms of 7 years and 5 months to 20 years in prison for the unarmed robbery conviction and to 46 months to 15 years in prison for the larceny in a building conviction. Although we conclude that there were no errors warranting a new trial, for the reasons explained below, we vacate Rankins' larceny in a building conviction and remand this case to the trial court for the ministerial task of amending Rankins' judgment of sentence and presentence investigation report.

## I. LARCENY IN A BUILDING

Rankins argues that the trial court erred when it added an uncharged count of larceny in a building after the close of proofs, but before instructing the jury. Rankins contends that the addition of this count violated his rights. At the close of proofs, Rankins' trial lawyer participated in a discussion with the prosecutor and the trial court concerning instructions on lesser included offenses and the possible addition of larceny in a building as a separate count. The prosecutor had charged Rankins with armed robbery and Rankins' lawyer expressed his belief that it would be in Rankins' interest to add the new count to give the jury an opportunity to reject the more serious charge: "Well, obviously, Judge, the defense would be looking for charges which would give the jury options, other than the most serious one here, a capital offense, and -- any charges that would carry the potential of a long period of -- incarceration. Or even a mandatory incarceration." After further discussions, the trial court elected to instruct the jury on unarmed robbery as a lesser included offense of armed robbery and on the additional charge of larceny in a building.

-1-

On this record, it is apparent that Rankins' trial lawyer participated in the decision to add the charge of larceny in a building and approved this course of action. Accordingly, there is no error to review. See *People v Carter*, 462 Mich 206, 216; 612 NW2d 144 (2000). Moreover, even reviewing this claim for plain error, it would not warrant relief. See *People v Reid* (*On Remand*), 292 Mich App 508, 514; 810 NW2d 391 (2011). The trial court had the authority to add the new charge after the close of proofs. MCR 6.112(H). And there is no indication that the addition of this charge unfairly surprised or prejudiced Rankins. See *People v McGee*, 258 Mich App 683, 700; 672 NW2d 191 (2003) (noting that a defendant must show prejudice to establish a due process violation warranting relief). The record shows that, far from trying to surprise Rankins or unfairly prejudice his ability to present a defense, the prosecutor and trial court worked with Rankins' lawyer to try and give the jury an alternative option for conviction should the jury reject Rankins' defense that his actions had a completely innocent explanation. Given the overwhelming evidence that Rankins robbed the drycleaner, brandished a screwdriver when he did so, and was found with items stolen from the drycleaner, the addition of the new charge did not prejudice Rankins. *Id.* Similarly, it is plain that the prosecutor could have established probable cause for this charge at a preliminary examination. *Id.* at 693-699.

## II. SUFFICIENCY OF THE EVIDENCE

### A. STANDARD OF REVIEW

Rankins next argues that there was insufficient evidence to support his conviction of unarmed robbery. In reviewing a claim of insufficient evidence, this Court reviews the record evidence de novo in the light most favorable to the prosecution to determine whether the prosecutor presented sufficient evidence to permit a rational trier of fact to find that the essential elements of the crime were proved beyond a reasonable doubt. *People v Roper*, 286 Mich App 77, 83; 777 NW2d 483 (2009).

### B. ANALYSIS

A person commits unarmed robbery if, "in the course of committing a larceny of any money or other property that may be the subject of larceny, uses force or violence against any person who is present, or who assaults or puts the person in fear . . . ." MCL 750.530(1). The phrase " 'in the course of committing a larceny' includes acts that occur in an attempt to commit the larceny or during commission of the larceny, or in flight or attempted flight after the commission of the larceny, or in an attempt to retain possession of the property." MCL 750.530(2). Here, there was testimony and evidence that Rankins ordered an employee of the drycleaner to open the register and that he used force or put her in fear when he did so. There was also evidence that he took items from the business and fled with the items. The evidence that he attempted to commit a larceny from the register after placing the employee in fear was sufficient to support his conviction of unarmed robbery. See *People v Williams*, 288 Mich App 67, 72-74; 792 NW2d 384 (2010) (recognizing that robbery and unarmed robbery no longer require a completed larceny).

Nevertheless, Rankins maintains that his conviction cannot stand because the prosecutor failed to rebut his evidence that he acted under a reasonable belief that the business owed him the money. A claim of right defense is viable when the record evidence establishes a dispute over

whether the defendant had a felonious intent at the time of the taking or attempted taking. See *People v Cain*, 238 Mich App 95, 118-119; 605 NW2d 28 (1999).

At trial, Rankins asserted that the cleaner's employee agreed to have him wash the windows in exchange for cash. The prosecutor, however, presented evidence that Rankins was not hired to wash the windows. The owner and employee both testified that they had not ever seen Rankins before the day at issue and that he was not given permission to wash the windows. The employee also testified that Rankins came into the business evasively and then repeatedly badgered her to open the cash register while wielding a screwdriver. Thus, whether Rankins acted with the requisite intent was a question for the jury. *Roper*, 286 Mich App at 88-89.

## III. PRO SE CLAIMS OF ERROR

In a brief submitted on his own behalf, Rankins also argues that his convictions of unarmed robbery and larceny in a building arising from the same events violate the prohibition against multiple punishments for the same offense. He also claims that there was insufficient evidence to support his conviction of unarmed robbery. Because Rankins did not raise his double jeopardy claim before the trial court, we review it for plain error. *People v Ackah-Essien*, 311 Mich App 13, 30-31; 874 NW2d 172 (2015).

Both the federal and Michigan constitutions protect a defendant against "multiple punishments for the same offense." *People v Gibbs*, 299 Mich App 473, 488-489; 830 NW2d 821 (2013). Because the Legislature did not specifically provide for multiple punishments for unarmed robbery and larceny in a building, this Court uses the "same elements" test of *Blockburger v United States*, 284 US 299; 52 S Ct 180; 76 L Ed 306 (1932), to determine whether multiple punishments are permitted. *People v Smith*, 478 Mich 292, 315-316; 733 NW2d 351 (2007). "The *Blockburger* test looks at the statutory elements of the offenses and asks whether each offense requires proof of a fact that the other does not." *People v Duenaz*, 306 Mich App 85, 106; 854 NW2d 531 (2014), citing *People v Nutt*, 469 Mich 565, 576; 677 NW2d 1 (2004).

The elements of unarmed robbery, as set forth in MCL 750.530, are that a person, in the course of committing a larceny, uses force or violence against a person, or assaults or puts a person in fear. In contrast, larceny in a building involves "1) an actual or constructive taking, 2) an asportation, 3) with a felonious intent, 4) of someone else's property, 5) without that person's consent, 6) in a building." *People v Cavanaugh*, 127 Mich App 632, 636; 339 NW2d 509 (1983). Unarmed robbery requires a showing of force, violence, assault or putting the victim in fear, and larceny in a building does not. Additionally, larceny in a building must occur in a building, while unarmed robbery may occur anywhere. Because each offense requires proof of facts that the other does not, the double jeopardy prohibition against multiple punishments is not implicated. *Smith*, 478 Mich at 302-303, 315-316.

Finally, to the extent that Rankins also argues that the record evidence was insufficient to support a conviction of unarmed robbery, we have reviewed the record evidence in the light most favorable to the prosecution, and conclude that the prosecutor presented sufficient evidence to support that conviction. It was up to the jury as the trier of fact to weigh and determine issues of credibility that arose from the record evidence. *Roper*, 286 Mich App at 88-89.

Rankins also contends in his own brief that his trial lawyer did not provide effective assistance. Because the trial court did not hold a hearing on this claim of error, our review is limited to mistakes that appear on the record alone. *People v Gioglio (On Remand)*, 296 Mich App 12, 20; 815 NW2d 589 (2012), remanded for resentencing 493 Mich 864. To establish a claim of ineffective assistance, Rankins must demonstrate that his lawyer's representation fell below an objective standard of reasonableness under prevailing professional norms and that there is a reasonable probability that, but for the error, the result of the proceedings would have been different. *Id.* at 22.

To the extent that he challenges his lawyer's decision to agree to the additional charge of larceny from a building, or at least not oppose the additional charge, Rankins has not overcome the presumption that the decision was sound trial strategy. This Court must affirmatively entertain the range of possible reasons that his lawyer had for agreeing to the additional charge and, if there might have been a legitimate strategic reason for the decision, we must conclude that the decision fell within the range of reasonable professional conduct. *Id.* at 22-23. There was strong evidence that Rankins robbed the cleaners and he faced a mandatory minimum sentence of 25 years in prison if convicted of armed robbery. Under these circumstances, a reasonable trial lawyer might agree to add a charge of larceny in a building in order to provide the jury with an opportunity for leniency. *Id.* To the extent that Rankins would like this Court to order a remand to investigate his lawyer's reasons for agreeing to the additional charge, we are not persuaded that a remand is necessary to develop the record. MCR 7.211(C)(1)(a); *People v Chapo*, 283 Mich App 360, 369; 770 NW2d 68 (2009). It appears from the record that Rankins' lawyer agreed to the additional charge and that he did so for the reasons already discussed.

## IV. CONCLUSION AND RELIEF

Rankins has not established any errors that warrant a new trial. Nevertheless, on appeal, the prosecutor has stated that it would be just to vacate Rankins' conviction and sentence for larceny in a building if this Court were to affirm his conviction of unarmed robbery. Because it would normally be error to instruct a jury on a cognate lesser offense, see *People v Jones*, 497 Mich 155, 164; 860 NW2d 112 (2014), we elect to adopt the prosecutor's suggestion for the grant of alternate relief. See MCR 7.216(A)(7) (stating that this Court has the authority to order or grant further or different relief as the case may require). Accordingly, we vacate Rankins' conviction and sentence of larceny in a building and remand this case for the ministerial task of amending the judgment of sentence and presentence investigation report accordingly. In all other respects, we affirm.

Affirmed in part, vacated in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ Deborah A. Servitto
/s/ Michael J. Kelly

-4-